E. L. RICE, Township Trustee, Etc., *ex rel.* J. E. OWEN, Appellant, v. WM. M. ARNOLD *et al.*, Respondents.

| 58 | 97 |
| 93 | 177 |
| 93 | 568 |

Kansas City Court of Appeals, April 30, 1894.

**Appellate Practice:** REVIEWING FINDING OF TRIAL COURT: EVIDENCE. When a case has been tried by the court without a jury the appellate courts will not review the finding, if there is substantial evidence to support it. The facts must be assumed as found, as the finding is conclusive on the revisory court.

*Appeal from the Bates Circuit Court.*—HON. JAMES H. LAY, Judge.

AFFIRMED.

*R. O. Bogges* for appellant.

This record discloses a maze of errors. Perhaps no one of them isolated and alone, would be of sufficient potency to demand, inexorably, a reversal; yet when, on careful examination of the entire record it is found overflowing with errors, proceeding mostly, if not entirely, from the way the case was conducted on the part of defendant who has obtained an unfair or improper judgment in his favor, it is not deemed improper to insist, imperatively, that the judgment of the court below ought to be reversed.

*Francisco Bros.* for respondents.

The evidence is all one way and no court or jury could have given a different verdict, and we most respectfully submit that the judgment should be affirmed.

SMITH, P. J.—This suit is brought and prosecuted in the name of E. L. Rice, township trustee, at the relation and to the use of J. E. Owen, against W. M. Arnold, as principal, and his codefendants as sureties, on a bond executed by them to the trustee of Mt. Pleasant township, for the faithful discharge of the duties of said Arnold as constable of said township. A judgment was rendered by a justice of the peace against the relator, said Owen. Execution was issued, directed and delivered to defendant Arnold as constable who levied the same on a horse, mare and some other property of relator to satisfy said execution.

The petition, which is in the ordinary form used in such cases, alleged two separate breaches of the bond. The first was to the effect that defendant as such constable had under said writ of execution "levied on one horse of the relator's of the value of $100 and sold the same at public auction for $25 without giving any notice of his intention to knock the same off at that price, and when there were higher and better bids made to him before the horse was sold and when there were present buyers ready and willing to pay the value of the horse. That the conduct of said William M. Arnold in selling said horse in the manner aforesaid was wrongful and intentional," etc. And the second was that "while said horse was in said William M. Arnold's custody, under and by virtue of said levy, said William M. Arnold carelessly and negligently ran said horse against a barb wire fence, and severely cut and

Rice v. Arnold.

wounded and damaged said horse thereby in the sum of $25." The answer was a general denial. There was a trial before the court without the aid of a jury, which resulted in a finding and judgment for defendant. The relator has appealed.

The relator by his motion for a new trial in the court below objected to the finding principally on the ground that it was against the evidence, and this objection has been by him renewed here. The relator introduced some evidence tending to sustain the first breach of the bond as alleged in the petition. The defendants to maintain the issue in their behalf introduced considerable countervailing evidence. The testimony of the defendant, Arnold, corroborated by several other witnesses, was that the horse was sold for $25, that being the highest bid for him; that the bid was "cried three times and there being no other bid, he was knocked off to Patton;" that in making the sale he gave utterance to the usual words of warning such as "Fair warning, gentlemen; going, once, twice, three times, gone." There was also testimony, the tendency of which was to show that the horse brought about his value; also that there was no higher bid made than that of Patton. Camoran, who had been engaged by relator to run up the horse at the sale, was called as a witness and testified that the reason why he did not run up the horse was that "I was a little too slow; I was monkeying around there and the first thing I knew it was sold." There is absolutely no evidence whatever contained in the abstract which tends in the slightest degree to show that the relator's horse was injured by the negligence of the defendant, Arnold. There is substantial evidence in the record before us to justify the finding and judgment.

The rule is well settled in this state that when a cause has been tried by the court without a jury the

appellate courts will not review the finding, if there is any substantial evidence to support it. The facts must be assumed to be as the court found them. The finding is conclusive in such case on the revisory court. *Swayze v. Bride*, 34 Mo. App. 414; *Gaines v. Fender*, 82 Mo. 509; *Hamilton v. Boggess*, 63 Mo. 233. Applying this rule to the present case it is plain to be seen that we are concluded by the finding of the trial court.

There were no instructions asked, except one in the nature of a demurrer to the evidence adduced by relator to support the second breach of the bond as alleged, which was very properly given. The case as presented by the record is wholly destitute of merit. The judgment is for the right party and must be affirmed. All concur.