CHARLES E. ELLIS, Respondent, v. MISSISSIPPI RIVER & BONNE TERRE RAILWAY, Appellant.

89 241
97 355

**St. Louis Court of Appeals, March 12, 1901.\***

1. **Damages: JUSTICE'S COURT: JURISDICTION.** Where the statement before a justice of the peace laid the killing of stock by a railroad company, in Joachim township, and the plaintiff testified the animal was killed in said township, and the transcript of the justice before whom the action was begun, and subscribed by that officer, designates him as a magistrate of that township, the jurisdictional facts are complete.

2. ————: **INSTRUCTION: SWITCH LIMITS.** An instruction properly declares the law which stated that the plaintiff could not recover if the point where the cow came on the track of defendant's railway was inside the switch limits and the erection of fences and cattle guards at said point would be a menace to the safety of employees in switching trains; that defendant was not bound to fence under such circumstances.

3. ————: **PRESUMPTION.** In the case at bar, as no one saw the cow enter upon the track, it is presumed that she entered where the track was not fenced.

4. ————: ————. In the case at bar, it is apparent that the court believed the company could have safely fenced its right of way where the animal entered.

5. **Practice, Appellate: COURT, TRIER OF FACTS.** Where the court is the trier of facts, an appellate court has no right to reverse his findings, unless it is satisfied he acted arbitrarily under the influence of passion or prejudice.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*This case was received too late to be placed in chronological order.

*James F. Green* for appellant.

(1)   The court erred in refusing instruction No. 1, offered on part of the defendant, as under the evidence in this case, plaintiff was not entitled to recover.   Pearson v. Railroad, 33 Mo. App. 546; Jennings v. Railroad, 37 Mo. App. 652; Ehret v. Railroad, 20 Mo. App. 251; Nance v. Railroad, 79 Mo. 196; Lewis v. Railroad, 59 Mo. 495.   (2) There was no evidence that the injury occurred in the township in which the action was instituted.   Jewett v. Railroad, 38 Mo. App. 48; Backistoe v. Railroad, 86 Mo. 492; Whitesides v. Railroad, 49 Mo. App. 250; King v. Railroad, 90 Mo. 520.   (3)   It has also been uniformly held that railway companies are not liable for stock killed at places where the erection of fences and cattle guards would endanger the lives of the employees of the roads in the performance of their duties as such.   Pearson v. Railroad, 33 Mo. App. 546; Lewis v. Railroad, 59 Mo. App. 495; Jennings v. Railroad, 37 Mo. App. 653; Glascock v. Railroad, 82 Mo. App. 146; Cox v. Railroad, 128 Mo. 362.

*E. J. Bean* for respondent.

Appellant seeks to have this court review the action of the trial court in refusing to give its peremptory instruction. This involves an examination of the entire evidence which must be set out in the abstract or the action of the trial court will be presumed correct.   Appellant has failed to set out, in its abstract, the plat of defendant's tracks showing the situation and surroundings where the animal was killed and which is the key to the testimony of all the witnesses in the case.   Hence, this court must assume that there was evidence to support the finding of the trial court.   Costello v. Fessler, 80 Mo. App.

107; Crenshaw v. Railroad, 54 Mo. App. 233; Pembrock v. Railroad, 32 Mo. App. 61.

GOODE, J.—The plaintiff sued before a justice of the peace to recover double damages for his cow which was killed by a locomotive. An appeal from the justice's judgment was taken. On the trial in the circuit court the plaintiff again succeeded.

It is claimed there was no evidence that the injury occurred in the township where the action was begun or an adjoining one. The plaintiff testified the animal was killed in Joachim township, while the transcript of the justice before whom the action was begun, subscribed by that officer, designates him as a magistrate of that township. The statement laid the killing there, too. The jurisdictional facts are complete. Emmerson v. R'y, 35 Mo. App. 621; Burger v. Railway Co., 52 Mo. App. 127.

The defendant requested and the court gave a declaration of law that the plaintiff could not recover if the point where the cow came on the track was inside the switch limits, and the erection of fences and cattle guards at said point would be a menace to the safety of employees in switching trains— that defendant was not bound to fence under such circumstances. It is apparent that the court believed the company could have safely fenced its right of way where the animal entered. As no one saw it enter, that place is presumed to be where it was killed. Duke v. R'y Co., 39 Mo. App. 105; Kinion v. R'y Co., 39 Mo. App. 382. This was between the station Herculaneum and the bridge over Joachim creek. One witness swore he found the body nearly three-fourths of a mile from the depot and close to the bridge. The distance between the two places is from a half to three-quarters of a mile, and from the bridge to the head of the switch, according

to some of the testimony, is nearly half a mile. The right of way was fenced between the town and the bridge on one side and open on the other. The cow was found about one hundred feet from the bridge and about three thousand feet from the nearest switch. From the head of said switch to the creek there is but one track. With such facts before us, we are unwilling to set aside the verdict and judgment of the trial court, notwithstanding the defendant's witnesses testified the right of way could not have been safely fenced from the Herculaneum depot to the bridge.

The case is distinguishable from Jennings v. Railway Co., 37 Mo. App. 652, and Crenshaw v. R'y. Co., 52 Mo. App. 236, on account of the much greater length of unfenced track. In the Jennings case, only twenty-eight feet west of the corporate limits of the town was open, which was conclusively shown to be necessarily kept so for switching purposes. Inside the corporation the company was not bound to fence. Herculaneum is an unincorporated town. In the Crenshaw case, the accident happened inside the town of Foley, where it is plain fences could not have been erected without material hinderance to the handling of trains. No such conclusion is inevitable from the evidence in the present case. Reasonable minds might differ as to whether the defendant's right of way could have been safely closed where the plaintiff's cow got on it. The court was the trier of the facts and we have no right to reverse his finding, unless we are satisfied he acted arbitrarily, under the influence of passion or prejudice. Gannon v. Gas Co., 145 Mo. 502. The case just cited has altered the rule in regard to the power of appellate courts to determine when there is sufficient evidence to support a verdict laid down in Reichenbach v. Ellerbe, 115 Mo. 588, which was in force when the Jennings and Crenshaw cases were determined.

The judgment is affirmed. All concur.