# DESTEIGUER, Appellant, v. WILLIAM MARTIN and PATRICK S. KENNEY.

### Division One, May 14, 1901.

1. **Ejectment: COURT SITTING AS JURY: FINDING OF FACTS.** The finding of the trial court sitting as a jury in an ejectment, upon the nature and character of the possession of him who occupies the land, and of the opposite party's knowledge of such possession, and of what the occupier stated when he was questioned as to the character and duration of his possession, is binding upon the appellate court, to the same extent as is the finding of a jury upon such matters. So, also, is the finding that the grantee in a subsequent deed knew that the grantee in a prior deed was at the time of the conveyance in actual possession.

2. ——: **KNOWLEDGE OF ADVERSE POSSESSION: INNOCENT PURCHASER: INSTRUCTION.** Plaintiff claims title on the ground that he did not know that at the time his ancestor obtained a deed for the land the defendant's wife had a deed to the same land from the same ancestor and that defendant had been in continuous possession from the date of the deed to his wife. *Held,* that such claim is invalid and is not a proper basis for a recovery. Actual possession, alone, is sufficient to give notice to the subsequent purchaser and his grantees of the occupier's title.

Appeal from Caldwell Circuit Court.—*Hon. E. J. Broaddus,* Judge.

AFFIRMED.

*Alexander & Allen* and *Thos. E. Turney* for appellant.

(1) Our registry act provides that no instrument in

writing, which the law required to be acknowledged and recorded, shall be valid except between the parties thereto and such as have actual notice thereof, until the same shall be deposited with the recorder for record. R. S. 1899, sec. 925. (2) Innocent purchaser for value by quitclaim deed acquires title as against prior unrecorded conveyances. Hickman v. Green, 123 Mo. 165; Eoff v. Irvine, 108 Mo. 378. (3) Possessions under an unrecorded deed, to operate as implied notice, must be visible and open, notorious and exclusive. Masterson v. Railroad, 5 Mo. App. 69; 2 Pomeroy's Equity (1 Ed.), p. 57, sec. 620; McMeechan v. Griffing, 15 Am. Dec. 198; Coleman v. Barklew, 27 N. J. L. 357. (4) As there was no visible possession in Kenney, it was incumbent on him to prove actual notice of the unrecorded deed or actual notice of his possession; and the court erred in refusing plaintiff's first declaration of law. Vaughn v. Tracy, 22 Mo. 422; Vaughn v. Tracy, 25 Mo. 318; Maupin v. Emerson, 47 Mo. 304; Whitman v. Taylor, 60 Mo. 134; Freeman v. Moffitt, 119 Mo. 280.

*Wm. Henry* and *C. S. McLaughlin* for respondents.

(1) There seems to be no dissent from the rule, that an actual, open, visible and exclusive possession of a definite tract of land, by one rightfully in possession or holding under a valid title, is notice to subsequent purchasers equivalent to notice by recording. 2 Pomeroy's Equity (1 Ed.), p. 52, sec. 615, note 1, p. 53. (2) Actual possession by any one other than the person with whom a subsequent purchaser is buying as owner, has the effect of actual notice to such purchaser, if he knows or is informed of such actual possession, no matter whether such possession is open, visible and exclusive, or not. 2 Pomeroy's Equity (1 Ed.), p. 53, note 3. (3) It has

often been held that possession by one claiming to have previously purchased, is sufficient, per se, to put a subsequent purchaser upon inquiry, and is equivalent to actual notice to the latter of all the rights of such possessor.    Freeman v. Moffitt, 119 Mo. 301; 16 Am. & Eng. Ency. of Law, p. 800.

ROBINSON, J.—Suit in ejectment for forty acres of land in Caldwell county, in this State.   The evidence shows a complete title of record in plaintiff.   Defendant's claim to the land is through an unrecorded deed to his wife, from one of the grantors in the chain of plaintiff's title, antedating plaintiff's deed, with the further claim that he has been in the continued possession of the land, either in person or by tenant, from the date of the deed to his wife up to the institution of this suit.

By the testimony the land in suit was shown to have been part of a six-hundred-acre tract formerly owned as one farm, and known as the Old Kenney Place, but at the time the plaintiff began his negotiation for it, it was claimed to be owned by two different parties, one owning four hundred acres of the original farm, and the other two hundred acres.   That an abstract of the land was furnished to plaintiff by the parties offering it for sale, which he caused to be examined by his attorney, and was informed by them that there was an outstanding unconveyed dower interest to sixty-seven acres of the land in one Mary A. Pollard, and that otherwise the title to the lands was complete in the parties offering it for sale.   Plaintiff then refused to continue his negotiations for the lands until the title to the entire tract was made perfect, whereupon William Humphrey, the husband of Lena Humphrey, who was claiming to own the four-hunderd-acre tract, and of which the forty acres in controversy is a part, without the knowledge of plaintiff, went to St. Louis and procured of Mrs. Mary A. Pollard a quitclaim deed to the sixty-seven acres of land in

which the record showed she held a dower interest.    This deed was taken in the name of one Charles F. Strop, and when negotiations were again resumed for the consummation of the deal, Strop by quitclaim deed conveyed the sixty-seven acres to plaintiff, thus making the record title of the entire six-hundred acre farm complete in him.    The forty acres in controversy is part of the land included in the Strop deed.

The testimony, so far as concerns the conduct of Mr. Humphrey (the husband of one of plaintiff's grantors) in the transaction, is indefensible.    He clearly knew of defendants' possession of the land, and of their claim thereto through a prior deed from Mrs. Pollard, when he wrongfully induced her to make the second deed through which plaintiff now claims title to the land in suit.

Upon the questions as to the nature and character of defendants' possession of the land, as well as when plaintiff first became possessed of that knowledge, and what the defendants are alleged to have said when plaintiff first interviewed them upon the subject, there is much conflict in the testimony, and upon the determination of the trial court upon these questions, we are bound, as by the finding of a jury upon such matter of fact.

At the close of all the testimony the plaintiff presented two declarations of law in the nature of instructions to the court, the first one of which was refused and the second given. The defendants presented two declarations of law, both of which were given.

Under the testimony and declarations given, the trial court found the issues for the defendants and plaintiff has brought the case here on appeal.    Appellant's assignment of errors are, the refusal of the trial court to give his declaration of law numbered one, and in declaring the law as asked by defendants in their instructions numbered one and two.

Desteiguer v. Martin and Kenney.

In what particular plaintiff was harmed by the refusal of the trial court to give its declaration numbered one, or in what particular the two declarations given at the instance of defendants are wrong, we are not informed by appellant's brief. The declaration of law asked by appellant and refused, and those asked by respondent and given, read as follows:

"DEFENDANTS' INSTRUCTIONS.

"1. The court declares the law to be that the quitclaim deed offered in evidence by the defendants from Mary A. Pollard to Elizabeth Kenney is sufficient to defeat the plaintiff's action, provided the court finds from the evidence that said Elizabeth Kenney was the wife of the defendant, Patrick S. Kenney, and that he was possessed of the land in suit as her husband, holding it under and by her consent, and in such case the finding and judgment must be for the defendants, unless the court should further find from the evidence that the plaintiff is an innocent purchaser, having purchased the land in good faith without any notice of said quitclaim deed.

"2. If the court finds from the evidence that when plaintiff purchased he had knowledge of the possession thereof by the defendant Kenney, then such possession and knowledge thereof was sufficient to put plaintiff on inquiry as to the defendants' right to such possession and the finding and judgment ought to be for the defendant unless the court further finds from the evidence, that the plaintiff did actually make inquiry of defendant, as to his claim, or right to possess said land, and was by defendant misinformed or misled and thereby thrown off his guard in respect to the right or title under which he was holding said land."

Desteiguer v. Martin and Kenney.

## "PLAINTIFF'S INSTRUCTION.

"1. If the court sitting as a jury believes from the evidence that William Humphrey was not the agent nor acting in the interest of plaintiff at the time he procured the deed from Mrs. Pollard to Charles F. Strop and that Alexander & Richardson and neither of them was the attorney or in any way connected with the plaintiff, prior to the institution of this suit, and further believe that the plaintiff at the time he purchased the land in controversy, and paid the purchase money, had no actual notice of the existence of the deed from Mrs. Pollard to Mrs. Kenney nor of defendants' possession of the land in controversy, the finding must be for the plaintiff."

By the two declarations of law given at the instance of defendants, it is most manifest that plaintiff has no just ground of complaint. So far as they announce the law of the case, upon which the respective rights of plaintiff and the defendants are to be determined, the plaintiff was relieved from a burden which he evidently felt was cast upon him by the testimony, as same is indicated by his refused declaration numbered one, of showing that William Humphrey was not his agent at the time he procured the quitclaim deed for the land in suit from defendants' prior grantor Mrs. Pollard, or that the attorneys Alexander & Richardson (who knew the true condition of the title of this land before plaintiff purchased) were not in anyway connected with plaintiff as his attorneys in the matter prior to the institution of this suit. By defendant's first declaration given, of which appellant now complains, generally, but assigns no definite reason therefor, defendants' prior unrecorded deed was only effective to defeat plaintiff's action herein (based upon a subsequent deed from defendants' grantor, Mrs. Pollard), provided the defendant Patrick Kenney was shown to have been in the possession of and holding the land for his

wife, and provided further, that plaintiff did not purchase the land in good faith without notice of defendants' deed. Certainly no legal proposition unfair to the rights of the plaintiff was announced in that declaration, for in it plaintiff was not charged with the inference of notice to be drawn from defendant's possession of the land as might properly have been done; and the second declaration given at defendants' instance, is but the announcement of a rule, for the consideration of the fact, developed at the trial, so familiar as to make unnecessary its indorsement at this time more than in a general way.

Appellant's first declaration of law was most palpably wrong, and the trial court very properly refused to approve it, and appellant in his brief filed herein has failed to offer a suggestion in its favor, as he failed to point out his specific objection to the declaration given at the instance of defendants.

That declaration subordinates the legal inference to be drawn from the actual existence of the deed to, and possession of the land in, defendants under claim of title, to plaintiff's actual notice of those facts. Under this declaration the court must have found the issue for plaintiff, if it found the fact to be that plaintiff had no actual notice of the existence of the deed from Mr. Pollard to the defendant's wife, or of defendant's possession of the land, although defendant was shown to have been in the actual possession of the land and claiming it under a prior unrecorded deed from plaintiff's grantor, Mrs. Pollard. That clearly was not the law of the case. The declaration of law as given, when read as a whole, shows that the theory upon which the case was tried by the lower court, was most favorable to appellant, and that his only real ground of complaint was that the trial court found the facts against him, and for its action in that regard we can not relieve him. The judgment of the trial court will therefore be affirmed. All concur.