## BERNARD CORRIGAN, Trustee, etc., Respondent, v. KANSAS CITY, Appellant.

### Kansas City Court of Appeals, March 3, 1902.

1. **Appellate Practice: ASSIGNMENT OF ERRORS: INSISTENCE IN BRIEF.** Though a certain action of a trial court be assigned as error, yet if in neither brief nor argument any reference is made thereto it is inferred that such assignment is not relied on.

2. ———: ATTENTION OF TRIAL COURT: INSTRUCTIONS: EXCESSIVE FINDING. Where in an action for injury by negligently collecting surface water in the street and throwing it upon plaintiff's property the attention of the trial court is not called by objec-

tion to evidence or instructions to the fact that the improvements alleged to be damaged were made after the street was constructed, the appellate court can not notice such contention; and an excessive finding must be called to the lower court's attention in the motion for new trial to warrant consideration above.

3. ———: INSTRUCTIONS: TRIAL BEFORE COURT. When a trial is before the court without a jury, errors of law can only be reached by asking declarations thereof so that the reviewing court may see the theory on which the trial proceeded.

4. ———: EVIDENCE: RECORD. The appellate court will not review the action of the trial court in admitting in evidence an ordinance unless the record shows an objection to the admission of the specific ordinance.

5. ———: MOTIONS TO STRIKE OUT: RECORD: PLEADING OVER. Before the appellate court can determine the propriety of overruling a motion to strike out the amended petition such motion must appear in the record; and where the defendant pleads over, its objection to the overruling of such motion is waived.

6. ———: FINDING OF TRIAL COURT: EVIDENCE. Where the trial is before the court, the appellate court will not review the finding if there is any substantial evidence to support it.

Appeal from Jackson Circuit Court.—*Hon. Jas. H. Slover,* Judge.

AFFIRMED.

*R. B. Middlebrook* for appellant.

(1) Plaintiffs' damages, if any, should have been confined to injuries to the land. Davis v. Railroad, 119 Mo. 188; Clinkenbeard v. St. Joseph, 122 Mo. 643; Hulett v. Railroad, 80 Mo. App. 87. (2) It is the duty of one sustaining damages by reason of the act of another to use all reasonable exertion to protect himself and avert as far as practicable the injurious consequences of such acts. Douglas v. Stephens, 18 Mo. 365; Hartshorn v. County of Worcester, 113 Mass. 111; Kansas City v. Morton, 117 Mo. 459.

*John G. Park* and *Rozzelle & Walsh* for respondents.

(1)    The first contention of appellant is now raised for the first time.   It was not raised in the answer.   It was not raised by objection to evidence at the trial.   It was not raised by any instruction given or requested.   It is not claimed in the motion for a new trial that the judgment was excessive. Then by what rule of appellate practice can it be raised in this court?   Schmetz v. Railroad, 119 Mo. 256; Minton v. Steele, 125 Mo. 181; Blanton v. Dold, 109 Mo. 64; Ridenhour v. Railroad, 102 Mo. 270; Scott v. City of Nevada, 56 Mo. App. 189; Jennings and Silvrey v. Dunham, 60 Mo. App. 635; Montz v. Maguire, 52 Mo. App. 136; Witascheck v. Glass, 46 Mo. App. 209.

SMITH, P. J.—The petition alleged in substance that while the plaintiffs were erecting a number of buildings on a certain lot owned by them, situate on the west side of Holmes street between Twenty-fifth and Twenty-sixth streets in defendant city, the surface water collected in said Holmes street in front of plaintiff's lot and from there ran upon said lot of plaintiffs, and against said buildings and thereby injured the same—depriving plaintiffs of the use thereof and delaying them in completing said buildings, etc.   It was therein further alleged that the injuries to said lot and buildings were directly caused by the negligence of the defendant, setting forth with great particularity the facts constituting such negligence.   The answer was a general denial.   There was a trial before the court, a jury being dispensed with, resulting in judgment for plaintiffs.   At the conclusion of all the evidence, the defendant interposed a demurrer to it, which was by the court denied. There were no instructions requested or given.   The defendant appealed.

I.    Although the defendant assigns as error the action of the court in denying its demurrer to the evidence, yet in

neither its brief nor argument is there any reference to that assignment. It is to be inferred that the assignment is not really relied on for a reversal, but, if so, we may say that an examination of the evidence has not convinced us that it should be sustained.

II. The defendant further objects that no damages should have been allowed for the injuries to the plaintiffs' buildings because they were built after all the street improvements had been made, or in other words, such damage should have been confined to the lot on which the buildings were erected. But it seems from the record that the attention of the trial court was not called to this contention either by objections to evidence or by instructions, or in any other way, so that it can not be now noticed by us. Besides, it amounts to no more than a suggestion that the finding was excessive, but if so, on turning to the motion for a new trial, we do not find that it was made one of the grounds thereof, and, therefore, no difference what is embraced in the contention, it is not subject to review here. Schmitz v. Railroad, 119 Mo. 256; Minton v. Steele, 125 Mo. loc. cit. 196; Ridenhour v. Railroad, 102 Mo. 290.

And the same remark is equally applicable to the contention that it was the duty of plaintiffs to have used all reasonable exertions to protect themselves and avoid, as far as practicable, the injurious consequences of which they complain. Whether or not the court, in determining the case, considered it on any such theory, we, of course, have no means of ascertaining, but for aught that does appear in the record, we may presume that it did so. If the defendant desired a consideration of the case on the theory embraced in this contention, it should have requested a declaration of law to that effect. In a trial by the court without the aid of a jury, in an action at law, the only way its errors can be reviewed and corrected if it decides the law wrongly or makes a misapplication of it to the facts, is to ask declarations of law so that the reviewing

court may see on what theory the trial court proceeded. Wheeler v. McDonald, 77 Mo. App. 215. And these remarks are applicable to the other points of objection referred to in the defendant's brief.

III. Defendant complains of the action of the court in permitting the plaintiffs to read in evidence ordinance No. 42611, but in examining the record we can not find that this ordinance was one of those to which the defendant interposed an objection in the trial court, so its complaint as to that ground can not be considered here.

IV. The defendant objects that the court erred in not sustaining its motion to strike out the plaintiffs' amended petition, but this motion is not preserved in the record, so that the action of the court in respect to it is not before us for review; but if such motion had been preserved, the plight of the defendant would not be different, because it appears after it was overruled it pleaded over, and thereby waived its objection.

V. Some objection is taken by the motion for a new trial to the finding of the court, but it is a sufficient answer to that to say that in this, as in all other actions at law when the case has been tried by the court without a jury, the finding will not be reviewed by us when there is any substantial evidence to support it. The facts must be assumed to be as found by the court. The finding must be regarded as conclusive on us. Rice v. Arnold, 58 Mo. App. 97, and cases there cited.

The judgment seems to be for the right party and must be affirmed. All concur.