CHICAGO LUMBER & COAL COMPANY, Respondent, v. GEORGIA SOUTHERN & FLORIDA RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, October 17, 1905.

COMMON CARRIERS: Freight Overcharges: Weight of Evidence. In an action against a railway company to recover the excess paid on overcharges for freight on lumber, where the evidence for plaintiff consisted of expert testimony as to the weight of that kind of lumber, and that for the defendant was the testimony of its official weigher who weighed it, it is held that there was substantial evidence sufficient to sustain a verdict for plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Needham C. Collier* for appellant.

While it is not the practice of appellate courts in this jurisdiction to interfere with a finding of fact by the trial court, merely upon contradictory evidence, it will do so if there is no substantial evidence to support

such finding. Bank v. Central Trust Co., 179 Mo. 648; Colonial Trust Co. v. McMillan,; Morelock v. Railroad, 87 S. W. 5; Reed v. Goldneck, 86 S. W. 1104.

*Walter H. Saunders* for respondent.

BLAND, P. J.—The suit was commenced before a justice of the peace and reached the circuit court by appeal from a judgment rendered by the justice. On the trial in the circuit court, the issues were submitted to the court without the intervention of a jury. After hearing the evidence, the court made a special finding of the facts and declared the law of the case. The following is the court's finding of the facts:

"1. That on February 1, 1900, the Georgia Southern & Florida Railway Company, the said defendant, shipped from Genoa, Florida, a car of yellow pine flooring boards, all dressed to thirteen-sixteenths of an inch in thickness by three and one-half inches in width, in G. S. & F. box, or closed car 2131, which car contained 10,859 feet of said material in a dry condition, and that this car was consigned to the Chicago Lumber & Coal Company, the said plaintiff, at Plainfield, New Jersey, and that said defendant on said date issued therefor a through bill of lading, on which said plaintiff was the consignee, and delivered the same to said plaintiff; that in accordance with said bill of lading, said car was transported to Plainfield, New Jersey, the point of destination, at which point the delivering railway company demanded and compelled said plaintiff to pay through J. D. Loizeaux (to whom said plaintiff turned over said car at said point, under a contract with said Loizeaux, that he should advance the freight thereon and charge the same back to said plaintiff, in other words, deduct the amount of said freight advanced in settling with said plaintiff for the price of said car of lumber) on February —, 1900, the sum of $132.33 (and also a demurrage charge of $3.00, as to which there is no dispute) for the freight of said car, which said freight charge was

based upon the alleged weight of the contents of said car (the 10,859 feet of said material) namely, 40,100 pounds at 33 cents per cwt., which weight and rate were fixed by said defendant, and on the basis of said weight at 33 cents per cwt. said delivering railway line was instructed by said defendant to collect the freight on said car.

"That the maximum weight of said material was 2,450 pounds per thousand feet, and that the maximum weight of the contents of said car was 26,605 pounds, and that the defendant charged and forced the collection of freight from said plaintiff on a basis of 13,495 pounds more than the contents of said car weighed.

"That the court finds as a fact that there was a freight overcharge on said car, due to said excessive weight, of $44.55.

"The court further finds that said alleged scale weight of 40,100 pounds claimed by said defendant is excessive and not the true weight of said 10,859 feet of lumber.

"2. That on February 2, 1900, said defendant shipped from Hahira, Georgia, a car of yellow pine flooring boards, all dressed to thirteen-sixteenths of an inch in thickness by three and one-quarter inches in width, in Southern box or closed car No. 22,339, which contained 12,582 feet of said material in a dry condition manufactured of sap strips, some of which contained bark edges and said car contained nothing else, and that said car was consigned to said plaintiff at Louisville, Kentucky, and that said defendant issued therefor a through bill of lading, on which said plaintiff was the consignee, and delivered the same to said plaintiff; that in accordance with said bill of lading, said car was transported to Louisville, Kentucky, and upon the request of said plaintiff shipped from there on the same bill of lading to Shrader & Company at New Albany, Indiana, near Louisville, Kentucky, and just across the Ohio river.

"That the railroad line delivering said car to said Shrader & Company at New Albany, Indiana, forced said plaintiff, through said Shrader & Company, who, in purchasing said lumber had agreed with said plaintiff to advance to said plaintiff the freight due thereon and charge the same back to said plaintiff, in other words, deduct said freight advanced in settling with said plaintiff for the price of said car, to pay on February —, 1900, the freight on a basis of a weight of 41,500 pounds, the alleged weight of said material at a rate of 23 cents per cwt., making a total of $95.45, which weight and rate was fixed by said defendant, and which amount said delivering railway line was instructed by said defendant to collect.

"That the maximum weight of said material was 2300 pounds per thousand feet, and the maximum weight of the contents of said car was 28,940 pounds, and that the true through rate on said car from said point of shipment to said point of destination, New Albany, Indiana, was 22 cents per cwt. instead of 23 cents per cwt., making the correct freight charge on said car $63.67 instead of $95.45, and that said defendant charged and forced the collection from said plaintiff of freight on a basis of 12,560 pounds more than said material in said car weighed.

"That the court finds as a fact that there was a freight overcharge on said car, due to said excessive weight and rate, of $31.78.

"The court further finds that said alleged scale weight of 41,500 pounds claimed by said defendant is excessive and not the true weight of said 12,582 feet of lumber.

"3.   The court further finds that said plaintiff, the Chicago Lumber & Coal Company, is a corporation, and that said defendant, Georgia Southern & Florida Railway Company, is a corporation, which latter corporation is common carrier, and a non-resident of the State of Missouri, and was at the time this suit was filed."

The court declared the law as follows:

"The court declares as a conclusion of law that plaintiff, upon the above found facts, is entitled to a judgment against said defendant in the sum of $44.55, the freight overcharge on said car 2131, G. S. & F., and in the sum of $31.78, the overcharge on said car 22,339 Southern, or a total of $76.33 with six per cent interest from December 15, 1902, making a gross total, principal and interest, of $82.47 for which judgment will be entered in favor of said plaintiff and against said defendant, and the attachment sustained."

The finding of the facts presents an intelligent statement of the case. The only contested issue on the trial was in respect to the weight of the lumber contained in each of the cars. Plaintiff showed by the evidence of persons who measured and superintended the loading of the lumber at its mills, and also by the evidence of the purchasers of the lumber, who bought it after it reached its destination, that the car shipped to Louisville, Kentucky, contained 12,582 feet and the one shipped to Plainfield, New Jersey, 10,950 feet of No. 1 common pine flooring, thirteen-sixteenths by three and one-half inches; that it was perfectly dry when loaded into box cars and was dry when unloaded at places of destination. It proved also by a goodly number of experienced dealers in southern yellow pine lumber that one thousand feet of No. 1 pine flooring thirteen-sixteenths by three and one-half weighs from nineteen hundred to twenty-two hundred pounds; that twenty-three hundred pounds is the maximum weight for one thousand feet of this character of lumber. The defendant, to prove the weight of the lumber, offered but one witness, S. J. Calhoun, who testified that he was the sworn weigher of the defendant railroad company at Macon, Georgia, where all freight cars shipped over defendant's road are weighed; that he weighed the cars in question at Macon and made a notation of their weights; that he was a weigher of fifteen years' experience and had frequently balanced the scales

on which the cars were weighed and was satisfied that his weights were correct; that he arrived at the net weight of the lumber by deducting from the gross scale weight the weight of the cars when empty, as shown by stencil marks on them; that in this way he ascertained that one car contained 40,100 pounds of lumber and the other 41,500 pounds. Witness also testified that one of the cars was a flat, open car and was loaded with green lumber. It will thus be seen that there was a sharp conflict in the evidence as to the weight of the lumber. The trial court was entrusted with both the law and the facts, and the case being one at law, its finding of the facts, if sustained by substantial evidence, is conclusive on an appellate court. [Desteiguer v. Martin and Kenny, 162 Mo. 417, 63 S. W. 107; State ex rel. v. Staed, 143 Mo. 248, 45 S. W. 50; Bethune v. Railway, 139 Mo. 574, 41 S. W. 213; Rice, Stix & Co. v. McCluer & Harper, 74 Mo. App. 383; Corrigan v. Kansas City, 93 Mo. App. 173; Ellis v. Railway, 89 Mo. App. 241.] There was substantial evidence (much of it) to support the finding of the trial court.

The judgment is affirmed. All concur.