Jordan v. Surghnor.

JORDAN *et al.* v. SURGHNOR, *Appellant.*

DIVISION TWO.

1. **Justice's Judgment:** FILING IN CLERK'S OFFICE : EXECUTION. A transcript of the judgment of a justice of the peace from the date of its filing in the clerk's office becomes for many purposes equivalent to the judgment of the circuit court, and executions issued on it have the same force and effect as though issued on a judgment in the circuit court.

2. ———: SHERIFF'S DEED : RECITALS. The recitals in the sheriff's deed of the rendition of the justice's judgment and of the filing of the transcript are to be taken as *prima facie* true.

3. ———: NON-RESIDENT DEFENDANT : NULLA BONA RETURN. Where the defendant in a justice's judgment is not a resident of the county in which it was rendered, the prior issuance of an execution by the justice is not a condition precedent to the issuing of one by the clerk of the court in which the transcript is filed.

4. **Cotenancy :** OUSTER : EJECTMENT. One cotenant in actual possession of the premises may disseize another, and, thereby, make his possession adverse, and in such case ejectment will lie in behalf of the ousted party.

5. ———: ———. The ouster *held* in this case to be confessed by the answer and also to have been shown on the trial by the uncontradicted evidence.

*Appeal from Hannibal Court of Common Pleas.*
HON. T. H. BACON, Judge.

AFFIRMED.

*Harrison & Mahan* for appellant.

(1) Appellant only had possession of an individual one-fourth interest, which interest he was legally entitled to hold. He was not in adverse possession of the whole premises claiming title thereto, adversely to anyone who claimed to be his cotenant. Respondent's petition ignores the relation of cotenancy, and treats the appellant as a stranger and trespasser, and demands of him the undivided one-fourth interest which appellant is lawfully entitled to, and legally holds. Respondent should not be permitted to put appellant to the trouble and expense of defending a suit in ejectment. His remedy was by partition. The instruction asked by appellant at close of the evidence should have been given. The pleadings and evidence did not disclose a cause of action. *Warfield v. Lindell*, 30 Mo. 272; *Holloway v. Holloway*, 97 Mo. 642 ; *Lucas v. King*, 10 N. J. Eq. 277; Freeman on Co.-Ten. & Par., sec. 450 ; *Hudson v. Putney*, 14 W. Va. 561; *Howey v. Goings*, 13 Ill. 95 ; Sedgwick & Wait on Trial of Title to Land, sec. 167; *Rodney v. McLaughlin*, 97 Mo. 431. (2) The court committed error in giving the instruction of its own motion. It is not based upon the pleadings and evidence, and ignores material facts in the case. It does not require the jury to find that appellant was in possession of the premises unlawfully, or in any manner withheld the same from respondent. The principal question to be determined is whether the appellant has excluded or ousted respondent from the possession of the common estate; this is entirely ignored by the instruction. The instruction is restrictive and hence vicious. *Crews v. Lackland*, 67 Mo. 619 ; *Bank v. Murdock*, 62 Mo. 70 ; *Raysdon v. Trumbo*, 52 Mo. 38 ; *Chappell v. Allen*, 38 Mo. 213. While the instruction authorizes a recovery, it ignores facts essential to such recovery, and is, therefore, fatally defective. *Birtwhistle v. Woodward*, 95 Mo. 113; *Greer v. Parker*, 85

Mo. 107. It should have embraced all the issues. *Clark v. Hammersle*, 27 Mo. 70 ; *Porter v. Harrison*, 52 Mo. 524 ; *Goetz v. Railroad*, 50 Mo. 474 ; *Fitzgerald v. Hayward*, 50 Mo. 516 ; *Spohn v. Railroad*, 87 Mo. 74.

*Gilchrist Porter* and *W. D. Anderson* for respondent.

(1) In an action of ejectment by one tenant in common against his cotenant under a petition in the ordinary form as provided by the statutes a recovery may be had when the proof shows an ouster or acts amounting to a total denial of plaintiff's rights. *Falconer v. Roberts*, 88 Mo. 574. (2) Partition cannot be brought by ousted cotenant. *Wommack v. Whitman*, 58 Mo. 448 ; *Boogher v. Neece*, 75 Mo. 383 ; *Lambert v. Blumenthal*, 26 Mo. 471. (3) There was no issue as to appellant's withholding possession ; the answer admits it. (4) The question, whether appellant unlawfully withholds or not, could not be submitted to the jury ; that was a question of law only. *Jordon v. Hannibal*, 87 Mo. 673. (5) The sheriff's deed is *prima facie* evidence of the facts therein recited. R. S. 1889, sec. 4956. It was proved that V. H. Surghnor, Jr., was a non-resident of the county ; therefore, no execution need to issue from the justice's court before one issued from the Hannibal court of common pleas. R. S. 1889, sec. 6287. (6) Respondents, as shown by the proof and not denied by appellant, demanded possession of their undivided one-fourth of the premises, not appellant's one-fourth, before they instituted suit, and the same was refused by the appellant. Respondents insist that the judgment of the court below be affirmed.

MACFARLANE, J.—This is an action of ejectment to recover an undivided one-fourth of a lot in the city of Hannibal. The petition was in the usual form of

ejectment, charging that the defendant unlawfully withholds from plaintiffs the possession. The answer admitted that defendant was in possession of one undivided one-fourth of the lot, and that he withheld from plaintiffs the possession thereof, but averred that his possession was lawful.

Plaintiffs read in evidence a deed made by Daniel Manning and wife, conveying the lot in controversy to Mary L. Surghnor for life, with remainder to Hayward B., Valentine H., Burr P. and Florida F. Surghnor. It was shown that Mary E. Surghnor died on the second day of March, 1888, and at the date of the trial, May 10, 1889, Valentine H. Surghnor, had been a non-resident of the state from three to five years.

Plaintiffs, thereupon, read a deed from the sheriff of Marion county purporting to convey to them said lot. This deed recited that on the third day of November, 1886, plaintiffs obtained a judgment before a justice of the peace of Mason and Miller township in Marion county, against V. H. Surghnor for $125, as appeared by a transcript of said judgment filed in the office of the Hannibal court of common pleas on the third day of March, 1888, upon which an execution issued on the twenty-eighth day of August, 1888, and was delivered to the sheriff August 31, 1888, under which, on that date, he levied on and seized all the right, title, interest and estate of the said V. H. Surghnor in said real estate. The further recitals of the deed were in all respects as required by law. Plaintiffs were the purchasers to whom all the right, etc., of said V. H. Surghnor was "assigned, transferred and conveyed." This deed was duly acknowledged and recorded.

Objection was made to the reading of this deed, on the ground that it had not been shown that the execution had issued from the judgment of the justice, and returned *nulla bona*, which was a condition precedent to issuing an execution by the clerk, and upon the further ground that a judgment of the justice had never

been shown. Plaintiffs thereupon offered evidence tending to prove that V. H. and Valentine H. Surghnor was the same person and it was also shown that defendant was in the actual occupancy of the premises, and that prior to the commencement of the suit one of the plaintiffs had informed him that they had purchased the interest of Valentine H. Surghnor in the property, and demanded possession, which was refused.

At the close of the evidence defendant asked the court to instruct the jury to find for the defendant, upon the evidence, which the court declined to do.

The court, on its own motion, instructed the jury, in effect, that if V H. Surghnor, named in the sheriff's deed, was the same person as Valentine H. Surghnor, named in the deed from Manning and wife, and if the said V. H. Surghnor at the time of the judgment of the justice was, and at the time of issuing the execution by the clerk remained, a non-resident of Marion county, and if Mary E. Surghnor died on or about March 2, 1888, then the verdict would be for plaintiffs for one-fourth the premises sued for. This instruction was objected to by defendant.

The verdict and judgment was for plaintiff, and defendant appealed.

I.   We do not think the objection raised to the sheriff's deed can be sustained upon either ground urged against it.   It was not necessary to introduce in evidence either the transcript or the judgment of the justice, before the deed from the sheriff was properly admissible.   A transcript, from the date of its filing in the office of the clerk, becomes equivalent to a judgment of the circuit court for many purposes, and executions issued thereon have the same force and effect, as though issued upon a judgment rendered in said court. R. S. 1879, sec. 2999.   A sheriff's deed under execution is required to recite the names of the parties to the execution, the date when issued, the date of the judgment and other particulars as recited in the execution, and is

made *prima facie* evidence of the truth of its recitals. This deed recited the date of the judgment of the justice, as also the date of filing the transcript. These recitals were themselves evidence of the rendition of the judgment and the filing of the transcript, and the burden was placed upon the defendants to overcome them. R. S. 1879, sec. 2392 ; *McCormick v. Fitzmorris*, 39 Mo. 25 ; *Carpenter v. King*, 42 Mo. 221 ; *Sachse v. Clingingsmith*, 97 Mo. 408.

II. The other objection to the deed was equally untenable. If a defendant in a judgment of a justice is not a resident of the county in which it is rendered, then the prior issuance of an execution by the justice is not a condition precedent to issuing one by the clerk of the court in which the transcript is filed. R. S. 1879, sec. 2999 ; 97 Mo. 406.

The evidence tended to prove that V. H. Surghnor, the defendant, was not a resident of Marion county at the time the judgment of the justice was rendered against him, and had not been a resident since that date. Indeed, the evidence of this fact was not seriously controverted, yet the court submitted it to the jury under instructions making the finding of that fact essential to a verdict for plaintiffs, and the verdict settled it.

III. The evidence shows that plaintiffs and defendant in this suit are tenants in common to the lot in question, each owning an undivided one-fourth thereof, and it is now insisted that the possession of one cotenant is the possession of all, and, therefore, the possession of defendant was not wrongful or adverse to the rights of plaintiffs, and he should not have been put to the expense of defending a useless suit.

While it is true, as contended, that the possession of one tenant in common is presumed to be friendly, and not hostile to the rights of his cotenant, and the possession of one will be regarded as the possession of the other, yet it is also true that one cotenant, in actual possession, may disseize another, and thereby

make his possession adverse. In such case ejectment will lie to restore to the ousted party his joint possession. *Lambert v. Blumenthal*, 26 Mo. 471 ; *Wommack v. Whitmore*, 58 Mo. 451 ; *Warfield v. Lindell*, 30 Mo. 273.

IV. The complaint here is that the court assumes that the defendant who was in possession had ousted the plaintiffs, and in the instruction given authorized a verdict for plaintiff, without a finding of the fact that there had been an ouster. We think under the pleadings reasonably construed, that defendant admits the ouster, and only puts in issue the title of plaintiff and his right to a joint possession. Plaintiff charges in his petition that he is entitled to the possession of an undivided one-fourth of the lot, and defendant withholds from him the possession thereof.

Defendant, by his answer, admits that he withholds from plaintiffs the possession of an undivided fourth of the lot, but denies that he does so unlawfully. The reasonable and fair interpretation of this answer is, that defendant held possession of the fourth of the lot claimed by plaintiffs, and for which they sued. If that was not his intention and meaning, why make a defense and why controvert the validity of the sheriff's deed under which plaintiffs claimed title. He should not be allowed to assume inconsistent positions.

But the evidence unquestionably establishes an intention to oust plaintiffs from a joint possession. One of plaintiffs testified, and the truth of his evidence was not questioned, that he went to defendant, informed him of the purchase, and demanded possession, and it was refused. This fact defendant did not deny, though himself a witness. We think the ouster stood confessed by the answer, was shown without contradiction on the trial, and there was no controversy over it, for the determination of the jury. Judgment affirmed. All concur.