THE STATE *ex rel.* FESTOR *et al.* v. STAED *et al.,*
*Appellants.*

### Division Two, March 15, 1898.

1. **Action:** SUIT ON SHERIFF'S BOND: FAILURE TO EXECUTE WRIT. Relators in an ejectment suit recovered judgment for possession of four fifths of a tract of land against M., whose minor son four years old was the owner of the remaining fifth. The son lived with his father, and M. claimed adversely to him and the relators. The sheriff refused to execute the writ of restitution on the ground that the son was in possession, and being a minor had the right to have his father with him. *Held,* that relators could recover on the sheriff's bond for his failure to issue the writ.

2. ———: ———: ———: NEW ISSUE. Where the issue is not raised at the trial in an ejectment suit that defendant could remain in possession of the property by right of his minor child, he can not interpose that objection to the execution. And in an action on the sheriff's bond for his failure to execute the writ of ouster, the domestic relations between the father and child can not be considered.

3. ———: ———: ———: PARENT AND CHILD: CURATOR. A minor child can not claim possession of land for himself, and his father has no legal right to hold possession for the child until he qualifies as curator.

4. **Practice:** COURT SITTING AS A JURY. In actions at law the finding of facts of the trial judge sitting as a jury, where there is substantial evidence on which to base it, is conclusive on the appellate court.

*Transferred from St. Louis Court of Appeals.*

JUDGMENT OF CIRCUIT COURT AFFIRMED.

*Laughlin & Tansey* for appellants.

We contend that the sheriff's offer to put Festor into possession of an undivided four fifths still leaving George Meglitsch on the premises, and his father, Anton Meglitsch, with him, if he desired to have him there, and the father desired to remain with his infant child was all that was required under the execution, the plaintiffs in the present case and George Meglitsch being tenants in common. (2) That the court erred in refusing to give the second declaration of law offered by defendants is plain from the standpoint that the father, as the natural guardian of the child, had a right to be on the premises with his child, and that the child as cotenant had the right to bring on the premises his father or any one else, to care for him, so long as those he brought upon the premises did not interfere with the possession of the undivided four fifths of his cotenants. Neither tenant could have exclusive possession as against the other, but any one could delegate to a third party to hold for him temporarily, or for a stated period, as he so desired, and his cotenants could have no right to complain. This was all that was done when the father of George Meglitsch, one of the cotenants remained there, supposably at the solicitation of his infant child, to care for him. This doctrine is laid down, without equivocation, in the case of *McGarrell v. Murphy*, 1 Hilt. (N. Y.) 132. (3) To say that an infant of three years can not invite onto a piece of property or have on property in which he is cotenant, a nurse to look after him, a guardian or parent to care for him, is to sever all the rights and duties existing between parent and child, guardian and ward, and to absolutely overturn the doctrine of domestic relations, and to give a new version to the co-equal rights of tenants in common.

*Lubke & Muench* for respondents.

We do not now contend, and never asserted, that under this writ the sheriff was authorized or commanded to oust the cotenant. We do contend that he was bound to give relators their possession as to the man who wrongfully withheld that possession from them. We concede the right of the cotenant to remain in, and specially directed the sheriff not to disturb him. That, however, did not justify the sheriff in refusing to obey the writ, and indulging in fanciful notions as to his duties toward minors who are no parties to the controversy.

GANTT, P. J.—This is an action on the official bond of the sheriff of the city of St. Louis to the use of relators for failure to execute a writ of restitution and for false return and failure to make return as to judgment for costs. Judgment was obtained by plaintiffs in the circuit court of the city of St. Louis for the penalty of the bond to be satisfied by the damages assessed at $230.40 on first breach, one cent on second and one cent of the third breach. An appeal was prosecuted to the St. Louis Court of Appeals and the judgment of the circuit court was reversed and the cause remanded by a majority of the judges of that court, Judge ROMBAUER dissenting. By reason of his dissent the cause was ordered certified to this court. On the trial in the circuit court, a jury was waived and the cause submitted to Judge Jacob KLEIN, one of the judges of said court, who rendered judgment for plaintiffs. This is an appeal in an action at law. The finding of facts where there is substantial evidence upon which to base it, is conclusive upon this court. In rendering his judgment Judge KLEIN filed the following opinion in writing:

"In a suit between the relators and one Anton Meglitsch they recovered judgment, upon which a writ of possession was issued out of this court against said Anton Meglitsch, commanding the sheriff that without delay he cause to be delivered to the relators the possession of an undivided four fifths of certain real estate. The sheriff made return that on the 22nd of August, 1893, he executed the writ by offering to the plaintiffs therein named an undivided four fifths of the realty within described, which they refused to accept. This is an action on the sheriff's bond for failure to execute the writ, for making a false return and for failure to make the costs and to make any return in relation thereto. It appears that Anton Meglitsch was in possession of the property at the time the writ of ejectment was issued and that he continued in the possession thereof undisturbed by the sheriff up to the time of this action. The sole difficulty in the matter grows out of the fact that the infant of Anton Meglitsch, viz., George Meglitsch, a boy four years old, is living with his father in the premises, and that the boy is the owner of the other undivided one fifth in said premises and as such co-owner is entitled to possession also. There is no room for doubt under the evidence that the sheriff refused to oust Anton Meglitsch under the writ and that the only manner in which he offered to put the relators into possession was by word of mouth, leaving Anton Meglitsch undisturbed. The ground upon which the sheriff acted (and he seems to have acted in good faith upon the advice of his counsel) was that inasmuch as George Meglitsch was in possession and was an infant of tender years, he had a right to have with him his father and that therefore the sheriff could not physically oust Anton Meglitsch or his furniture from the premises. This contention arose upon a misapprehension of the true situation. The posses-

sion of Anton Meglitsch was adverse at the time of the decree and of the issuance of the writ, to the relators as well as to his own son. He had been contending that the property was his own. The character of this possession was never changed. He remained there after the writ was issued in just the same manner as before. He was not living with his son, but his son was living with him. The estate of the son was not derived from the father, and he had not, so far as the evidence shows, given bond or qualified himself to act as guardian or curator of the estate of the child as required by R. S. 1889, sec. 5279. It can not be said, therefore, that his possession was the possession of the child, and it is clear that the fact that the child was living with his father in the premises did not change the character of the father's original possession. We have nothing to do here with the domestic relations between the father and the child. The child being a minor could not claim possession for himself, and the father had no legal right to hold possession for the child until he qualified as curator. It was therefore the sheriff's duty to oust Anton Meglitsch from the premises, leaving the right of the minor to be protected in a proper proceeding, if they should be disturbed by any act of the relators as tenants in common. Having failed to perform this duty he is liable to respond."

This exceedingly clear and succinct statement of the law of the case was considered by the majority of the St. Louis Court of Appeals to be in conflict with *Gray v. Givens*, 26 Mo. 303. We do not concur in that view. We agree with Judge KLEIN and Judge ROMBAUER that the judgment of the circuit court awarding the writ of restitution was in strict compliance with *Gray v. Givens* and in harmony with the settled doctrine in this court. It is evident the sheriff undertook to reverse the judgment of restitution instead of obey-

ing the writ.  His plain duty was to remove Anton Meglitsch and his furniture and chattels out of the property and place relators in the actual not a mere constructive possession of the premises.  No issue was raised in the ejectment case as to the right of Anton to remain in possession in right of his minor son, George. He was not there by virtue of such a claim.  The circuit court found and decreed that he was attempting to defraud George along with the other heirs.  Having been detected in that wrong he can not use his fraudulent possession which he still retains as a pretense for protecting George's interest.  It was Anton that the sheriff was ordered to oust.

The judgment of the St. Louis Court of Appeals is reversed and the judgment of the circuit court is affirmed.

SHERWOOD and BURGESS, JJ., concur.