WILLIAM KELLER, MATHILDE EGGIMANN, HENRY M. KELLER, FRED A. KELLER, ARTHUR O. KELLER, CHRISTINE HAGER, EDWIN A. KELLER, HELENA RAU, ELLA MILLER, JULIUS OTTO KELLER, ARNOLD G. KELLER, MAGDALENA SCHRADER, ANNA BLATTNER, MARY SCHWAB, OWEN W. CRITES, a Minor, MILDRED MARIE CRITES, a Minor, and VIRGINIA DOTT CRITES, a Minor, by W. B. CRITES, Their Next Friend, Appellants, v. ROBERT KELLER, Appellant.— 92 S. W. (2d) 157.

Division Two, March 21, 1936.

732

*Foristel, Mudd, Blair & Habenicht* and *Rush H. Limbaugh* for William Keller et al.

*Dearmont, Spradling & Dalton* for Robert Keller.

BOHLING, C.—Plaintiffs sue in ejectment and for partition of one hundred and twenty-seven acres of real estate situate in Cape Girardeau County, Missouri. The case is here on cross-appeals after unsuccessful motions of the parties plaintiffs and defendant for new trial and in arrest of judgment.

John G. Keller owned the real estate in fee, and, with his wife, on February 23, 1887, by warranty deed in usual form recorded March 15, 1887, in book 18 at page 157, Recorder's office of said county, conveyed said real estate to his son George J. Keller. Said deed (omitting the conclusion) reads:

"This Indenture, made on the twenty third day of February, A. D., One Thousand Eight Hundred and Eighty Seven by and between John George Keller and Augusta Keller, husband and wife, of the County of Cape Girardeau in the State of Missouri, party of the first part, and George J. Keller of the County of Cape Girardeau in the State of Missouri, party of the second part:

"Witnesseth, that the said party of the first part in consideration of the sum of three thousand dollars; to them paid by the said party of the second part, the receipt of which is hereby acknowledged, do by these presents grant, bargain and sell, convey and confirm, unto the said party of the second part, his heirs and assigns, the following described lots, tracts or parcels of land, lying, being and situate in the county of Cape Girardeau and State of Missouri, to-wit:

[Here follows a description of the real estate] "*and it is hereby expressly agreed to and understood by the parties herein named that in case that the said George J. Keller should die without children the above described real estate shall revert to his father and his heirs and that the said George J. Keller shall not sell or dispose of said real*

*estate without first obtaining the consent of the party of the first part herein named.* (Italics ours.)

"To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities thereto belonging, or in any wise appertaining, unto the said party of the second part, and unto his heirs and assigns, forever; the said party of the first part hereby covenanting that they are lawfully seized of an indefeasible estate in fee in the premises herein conveyed; that they have good right to convey the same; that the said premises are free and clear of any incumbrance done or suffered by them or those under whom they claim; and that they will warrant and defend the title to the said premises unto the said party of the second part, and unto his heirs and assigns, forever, against the lawful claims and demands of all persons whomsoever."

John G. Keller, grantor, died August 6, 1888, leaving said George J. Keller, grantee, John H. Keller, Louis T. Keller, Julius Otto Keller, August W. Keller, Mrs. Anna Blattner and Mrs. Mary Schwab, his children, surviving as his *sole and only* heirs. On November 20, 1888, with the exception of said Louis T. Keller, all of said children (the wives of those married joining) of said John G. Keller, by quitclaim deed, in usual form, recorded June 2, 1890, in book 23, at pages 29 and 30, in the recorder's office of Cape Girardeau County, conveyed said real estate to said George J. Keller, for the recited consideration of "one dollar and the love and affection we bear our brother." And on May 20, 1890, all of said children (their wives joining), with the exception of August W. Keller (who joined in said quitclaim deed) and said Louis T. Keller, by warranty deed, in usual form but not acknowledged or recorded, conveyed said real estate to said George J. Keller for the recited consideration of "Ten Dollars." In each of said deeds there was inserted immediately after the description of said real estate the following: *"This deed is made in relinquishment of any and all right, title, claim or interest to the premises above described which the said parties of the first part have or may inherit through their father John G. Keller by reason of the reversionary clause in a certain deed of conveyance dated the 23rd day of February, 1887, and recorded in the recorder's office of Cape Girardeau, County, Mo., in record book 18 at page 157."*

George J. Keller died testate November 11, 1929, without children. His will recites "I have never had any children of my own," and, after disposing of certain portions of his estate, by Article 5 of his said will, he disposed of the real estate here involved, as follows: "I hereby give, devise and bequeath all the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situated, whereof I may be seized or possessed, or in which I may be interested at the time of my death, or in which I may be in any manner entitled, unto

Robert Keller and Veronica Keller, his wife, share and share alike absolutely.''

The parties to this litigation are: William Keller, Mathilde Eggimann, Henry M. Keller, Fred A. Keller, Arthur O. Keller, Christine Hager and Robert Keller (the children of said John H. Keller, now deceased); Edwin A. Keller, Helena Rau, Ella K. Miller (the children of said Louis T. Keller, now deceased); Arnold G. Keller, Magdalena Schrader (the children of August W. Keller, now deceased); Owen W. Crites, Mildred Marie Crites and Virginia Dott Crites (the minor children of Selma K. Crites, now deceased, daughter of said August W. Keller); said Anna Blattner and said Mary Schwab and said Julius Otto Keller. All are parties plaintiff except the aforesaid Robert Keller, defendant. The said minors appear by their next friend W. B. Crites, their father.

The petition, except for the fact that some of the plaintiffs appear by next friend, is in conventional form. Defendant's answer to the count in ejectment admitted possession in defendant and the withholding of possession from plaintiffs, denied the other allegations in said count of said petition, and pleaded estoppel on the part of certain plaintiffs by reason of the execution of said quitclaim and warranty deeds. Defendant's answer to the count in partition denied the allegations in said count of said petition and for the further defense pleaded estoppel on the part of plaintiffs by reason of the execution of said quitclaim and warranty deeds, and alleged exclusive possession and ownership in the defendant and Veronica Keller, his wife. The replication was a general denial. Trial was to the court, a jury being waived, and no declarations of law were asked or given.

The trial court rendered judgment for the defendant and against all the plaintiffs on the count in ejectment; and judgment for partition, finding defendant Robert Keller to be the owner in fee simple of an undivided six-sevenths interest in and to the real estate in question, and plaintiffs Edwin A. Keller, Helen Rau and Ella K. Miller, as the sole and only heirs of Louis T. Keller, deceased, each the owner of an undivided one-twenty-first interest in and to the real estate. It being conceded by the parties that the real estate could not be partitioned in kind, the same was ordered sold for the purpose of partition between Robert Keller, defendant, and Edwin A. Keller, Helena Rau and Ella K. Miller, plaintiffs.

The proper construction of the deed of February 28, 1887, from John G. Keller to George J. Keller is of controlling importance to the solution of the fundamental issue presented for review. With the exception of that portion of the deed appearing in italics, the deed purports to convey the fee simple title to the grantee; and defendant contends a fee simple title absolute was conveyed to George J. Keller. If correct, plaintiffs may not maintain ejectment or partition.

■ Of basic importance in the construction of deeds and wills is the intention of the parties; and to this rule, other rules are considered aids. [Eckle v. Ryland, 256 Mo. 424, 440, 165 S. W. 1035, 1038(4); Long v. St. Louis Union Trust Co., 332 Mo. 288, 293(1), 299, 57 S. W. (2d) 1071, 1073(1), 1076(4).] One of the early and leading cases on this issue is Utter v. Sidman, 170 Mo. 284, 293, 294, 70 S. W. 702, 705. That case, speaking of the intricacies, pitfalls and obstacles confronting conveyancers of olden times necessitating the confinement to each of the several parts of a deed the specific function thereto assigned, states: ''The several parts of the instrument were given an important and controlling meaning, and the place in the instrument where the meaning of the testator was to be expressed was considered of the gravest importance.'' [Next, the formal parts of a deed are mentioned—the premises, *habendum, tenendum, reddendum,* conditions, warranty, covenants and conclusion.] ''No one provision was allowed to impinge on the province of another. The general rule was that 'if there be a repugnancy, the first words in a deed, and the last words in a will, shall prevail.' . . . The modern rule, which prevails in this State, is much simpler and much more calculated to carry out the wishes of the grantor. The intention of the grantor, as gathered from the four corners of the instrument, is now the pole star of construction. That intention may be expressed anywhere in the instrument, and in any words, the simpler and plainer the better, that will impart it, and the court will enforce it no matter in what part of the instrument it is found.'' In that case the *habendum* was to the grantee ''and her bodily heirs and assigns,'' although the other provisions of the deed were in the usual form conveying a fee simple title. The *habendum* was held to explain the estate granted, to-wit: a life estate in the grantee, with remainder in grantee's bodily heirs. Among the cases not giving controlling effect to the technical distinctions between the formal parts of a deed and effectuating the intent of the grantor, when practicable and not in contravention of some positive rule of law, are: Long v. St. Louis Union Trust Co., supra; Eckle v. Ryland, supra; Welsh v. Harvey, 281 Mo. 684, 691, 219 S. W. 897, 898(1); Owen v. Trail, 302 Mo. 292, 300(1), 258 S. W. 699, 700(1); Kane v. Roath, 310 Mo. 684, 690, 276 S. W. 39, 40(1).

■ We think the provisions of the deed under discussion are not obscure, uncertain or of doubtful meaning, and that the provisions thereof can be brought into harmony and effectuate the intent of the grantor as disclosed by the deed and the intent of the grantee as disclosed by his acts and conduct. The phrase ''it is hereby expressly agreed to and understood by the parties herein named'' places the italicized portion of the deed (without giving consideration to the apparent fact that it was inserted in a blank printed form Lemmon v. Lemmon, 273 Mo. 484, 492(2), 201 S. W. 103, 105(1) ) on a parity,

at least, with its other provisions. The provisions ''that in case that the said George J. Keller should die without children the above described real estate shall revert to his father and his heirs'' expresses, in apt words, a reversion to the grantor and his heirs. As has been indicated in other cases [Gannon v. Pauk, Collier v. Archer, Lockney v. Campbell, infra], the effect of the provisions here under consideration has been so well settled no reason exist for any elaboration upon the discussions to be found in the adjudicated cases.

Gannon v. Albright (en banc), 183 Mo. 238, 81 S. W. 1162, 67 L. R. A. 97, 105 Am. St. Rep. 471, and Gannon v. Pauk (en banc), 200 Mo. 75, 98 S. W. 471, treat of the same will. The testator, Michael J. Gannon, by the fourth clause of his will devised certain real estate to his sons ''Michael J. Gannon, Jr., and Joseph E. Gannon and unto their heirs and assigns forever.'' Said clause further provided: ''It is my will that . . . should either of them die without issue, then the survivor, his heirs and assigns to take, own and have the part and portion hereby bequeathed to the one so dying. And in the event both should die without leaving any issue, then it is my will that my surviving heirs [except one] shall have such property like and like.'' [183 Mo. l. c. 247, 81 S. W. l. c. 1163.] The court concluded [183 Mo. l. c. 264, 81 S. W. l. c. 1168]: ''To sum up, then, we hold . . . the words 'die without issue' mean dying without issue living at the death of said Michael and Joseph, and therefore mean a definite failure of issue . . . [See Sec. 3109, R. S. 1929, Mo. Stat. Ann., p. 1937], and, finally, that by the said fourth clause of the will the said two sons took a fee simple subject to be defeated upon their dying without issue living at their death, and as both died leaving children, the plaintiffs herein, the contingency upon which their fee simple was to be defeated never happened and never can happen, and their estate in fee became absolute, and their warranty deeds conveyed to defendants' grantors the fee simple title.'' Other cases to like effect are: Walton v. Drumtra, 152 Mo. 489, 503, 54 S. W. 233, 237; Brown v. Tuschoff, 235 Mo. 449, 458(2), 138 S. W. 497, 499(3); Lockney v. Campbell (Mo.), 189 S. W. 1174; Collier v. Archer, 258 Mo. 383, 390, 167 S. W. 511, 512; Dodge v. Hall (Mo.), 37 S. W. (2d) 585, 586(2); Long v. St. Louis Union Trust Co., 332 Mo. 288, 293(1), 57 S. W. (2d) 1071, 1073(1). In Brown v. Tuschoff, supra (so far as the instant issue is concerned), there was a failure of issue in one or two devisees, and the fee was held to vest in the survivor under a provision reading ''and in case either one (Louie or G. M.) should die leaving no heirs, the other shall be entitled to it all.'' COOLEY, C., in Long v. St. Louis Union Trust Co., supra, and STURGIS, C., in Dodge v. Hall, supra, review the earlier cases.

The clause reading ''and the said George J. Keller shall not

sell or dispose of said real estate without first obtaining the consent of the party of the first part herein named," we think, further restricted rather than enlarged the title conveyed. Under the foregoing authorities only a base or qualified fee passed under the deed. Any effective conveyance of the fee simple title during the lifetime of the grantee called for a conveyance subscribed by said "party of the first part." [Sec. 3019, R. S. 1929, Mo. Stat. Ann., p. 1866.] The clause is consistent with the title conveyed to the grantee; and no occasion exists to discuss its possible further effect in the instant case.

As contended by defendant, the fact that the deed recited a consideration is to be considered, but does not in itself rule the issue. [Wood v. Kice, 103 Mo. 329, 335, 15 S. W. 623, 624(1); Tennison v. Walker (Mo.), 190 S. W. 9, 12.] The deeds in Utter v. Sidman, and some of the other cases, supra, recited a consideration. This is a deed from a father to his son. No doubt the limitations written into the deed entered into a determination of the recited consideration; and, if so, it was but natural for the father to have in mind all of his children—the others as well as grantee. The limitations interposed upon the grantee's title are stated to be "expressly agreed to and understood;" the words used to express the limitations have a well defined meaning; the grantee accepted the deed subject to the conditions therein set forth; and a court is not warranted in mutilating the deed by rejecting the conditions attached to the grant. [See Kane v. Roath, 310 Mo. 684, 695, 276 S. W. 39, 42(4).]

We, therefore, hold that the deed from John G. Keller to George J. Keller passed only a base or qualified fee, determinable upon the death of said George J. Keller, subject, so far as material here, to defeasance in the event of the death of said George J. Keller without children, with the reversion in the said John G. Keller and his heirs, and upon the death of said George J. Keller without children said real estate reverted to the heirs of said John G. Keller.

The above construction of the deed is in complete accord with the grantee's securing the quitclaim deed of November 20, 1888, and the warranty deed of May 20, 1890, conveying the reversionary title of certain heirs of John G. Keller; for if the grantee had interpreted the deed as now contended for by the defendant there was no need of securing said quitclaim or warranty deed, nor of the statement in his will that he died without children.

A motion for new trial was filed on behalf of all of the plaintiffs. However, upon plaintiffs' appeal, we are asked to render judgment only in favor of Edward A. Keller, Helena Rau and Ella K. Miller, children of Louis T. Keller, deceased, the only heir of John G. Keller, grantor, who did not sign either said quitclaim or warranty deed. The effect of said deeds to convey whatever reversionary interest the grantors therein might have had in and to the real estate

is conceded by plaintiffs in their printed argument here. [See Inlow v. Herren, 306 Mo. 43, 52, 267 S. W. 893, 895(3).] Defendant is entitled to a judgment against all the plaintiffs, except, possibly, said Edwin A. Keller, Helena Rau and Ella K. Miller.

George J. Keller, as one of the heirs of John G. Keller and as grantee in the aforesaid quitclaim and warranty deeds conveying the reversionary interest of five of the seven heirs of said John G. Keller, acquired an undivided six-sevenths fee simple interest in the real estate in controversy; and by his last will and testament devised said interest in said real estate "unto Robert Keller and Veronica Keller, his wife, share and share alike, absolutely." Veronica Keller is not a party to this litigation; and defendant contends plaintiffs may not maintain ejectment or partition without making said Veronica Keller a party litigant.

The phrase "share and share alike" in the operative clause of the devise to Robert Keller and Veronica Keller, created (not an estate by the entirety or a joint tenancy) a tenancy in common. Wilhite v. Wilhite, 284 Mo. 387, 392(1), 224 S. W. 448, 449(1) states: "There is no doubt but that the use of the words 'share and share alike' if inserted in the operative parts of the deed, in the granting clause or in the *habendum*, would have created a tenancy in common. The words are inconsistent, when properly used, with the existence of a joint tenancy or a tenancy by the entirety." [See, also, Peters v. Schachner (en banc), 312 Mo. 609, 617(1), 280 S. W. 424, 426(1); 30 C. J., sec. 80, p. 559, note 77, p. 560, notes 81, 83.] The seizin of Robert Keller and Veronica Keller was *per my et non tout.*

It is specifically provided by statute that, notwithstanding a failure on the part of some of the plaintiffs to prove any interest in the premises claimed in ejectment proceedings, any one or more of several plaintiffs may recover any interest they may be entitled to as though separate actions had been instituted. [Sec. 1374, R. S. 1929, Mo. Stat. Ann., p. 1595.] We are further concerned only with the interests of Edward A. Keller, Helena Rau and Ella K. Miller in the real estate. Plaintiffs' count in ejectment ignores any relation of cotenancy and proceeds upon the theory plaintiffs are entitled to the possession of the whole of the premises. Defendant's answer to this count of the petition also ignores any relation of cotenancy, "admits that defendant is in possession of the real estate mentioned and described therein; admits that he withholds possession thereof from the plaintiffs" and alleges plaintiffs have no right, title or interest in said real estate. Thus, the answer admits the ouster by defendant [See Peterson v. Laik, 24 Mo. 541, 543; Falconer v. Roberts, 88 Mo. 574, 578]; leaving, in the instant case, as the main controverted issue on the ejectment count plaintiffs' right of possession, which turns upon the titles of plaintiffs and defendant in and to the real estate.

[Jordan v. Surghnor, 107 Mo. 520, 526(4), 17 S. W. 1009, 1010(4).] Notwithstanding the pleadings, plaintiffs' demand for possession must be construed as a demand in accord with their rights as a tenant in common. [Falconer v. Roberts, 88 Mo. l. c. 579.]

By Section 1368, Revised Statutes 1929 (Mo. Stat. Ann., p. 1587), ejectment proceedings *"shall* be brought against the person in possession of the premises claimed." Section 701, Revised Statutes 1929 (Mo. Stat. Ann., p. 910), provides "any person may be a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein. And in actions to recover possession of real estate . . . any person claiming title or a right of possession to the real estate *may* be made a party plaintiff or defendant, as the case may require, to any such action." By section 1373, Revised Statutes 1929 (Mo. Stat. Ann., p. 1595), a tenant in common, in an ejectment action against his cotenant, is required to show "that the defendant actually ousted him, or did some act amounting to a total denial of his right as such cotenant." Limiting this review to the controverted issue presented by the pleadings in the ejectment proceeding and the evidence adduced within such issue, we are of the opinion, in view of our statutory provisions bearing on the parties litigant, that Veronica Keller was not an indispensable party to the count in ejectment and plaintiffs' failure to make her a party does not reach to the jurisdiction of the court over the subject-matter, or the statement of facts sufficient to constitute a cause of action against defendant. [See, although not ruling this issue, State ex rel. v. Staed, 143 Mo. 248, 259, 45 S. W. 50, 51.] Ejectment is a possessory action, sounding in tort, and in the instant case, was founded upon a trespass committed by ousting and withholding possession from plaintiffs. The issue involved rights between tenants in common *inter sese.* If a plaintiff cotenant is unable to prove that one of the several cotenants did not actually oust him from possession, or totally deny his rights as a cotenant, he is not entitled, under Section 1373, supra, to recover in ejectment against such cotenant. Because one of several cotenants dispossess another or others, it does not follow necessarily that all the cotenants in possession acted in concert and are opposing the claims of those dispossessed; and no logical reason exists for needlessly harassing and imposing needless expense on a cotenant willing that a cotenant out of possession be accorded his full rights. The statutory provisions above referred to, when considered together, point to this conclusion. The rights of Veronica Keller, as cotenant, would remain unaffected by any judgment against her husband; and it might have been prudent for plaintiffs to have made her a party. As between tenants in common there exists no such unity of interest as exists between tenants by the entirety or joint tenants. Each cotenant

in common holds title and possession of his particular moiety in his own right; and we perceive in one cotenant recognizing rights of a cotenant out of possession not recognized by other cotenants nothing inconsistent with such cotenant's title. Veronica Keller stands with reference to the real estate a *femme sole*, and we are of the opinion considering the admissions in defendant's answer, we should not speculate on any possible futility of an execution against her husband alone. If her occupancy with her husband is that of her husband, arising from the marital relation, we consider it as consistent to take the view that upon his changing his domicile she will accompany him and change her domicile as to assume that she will assert marital rights in the real estate and prevail on him to remain with her at the old domicile. Plaintiffs' rights, if any, arise under the warranty deed of February 23, 1887, and were determined November 11, 1929, on the death of George J. Keller without children; whereas the rights of Robert Keller and Veronica Keller are derived from the will of said George J. Keller. If the ouster and withholding of possession be the act of defendant, not participated in by his wife, should she be made to respond for damages and monthly rents and profits? We think not. [Meegan v. Gunsollis, 19 Mo. 417; Hunt v. Thompson, 61 Mo. 148, 154.] Should she, after judgment against her husband, refuse possession and thus possibly render the execution of such judgment ineffective, plaintiffs may institute a like action against her.

Defendant might have interposed an objection to plaintiffs' petition for a defect of parties by a proper plea, but he did not see fit to do so; and defendant's admission that he was in possession and that he withheld the same from plaintiffs, in the absence of any plea raising any issue as to a nonjoinder of parties, waived (Secs. 770, 774, R. S. 1929, Mo. Stat. Ann., pp. 1000, 1010), the defect, if any, arising from plaintiffs' failure to make Veronica Keller a party.

The cases relied on by defendant are from foreign jurisdictions. They do not give consideration to statutory provisions similar to those hereinabove mentioned, but are based on the marital relation existing between husband and wife, their equal rights in the family domicile, in the homestead and the possible futility of an execution against one of the spouses only. [Haddy v. Tobias, 85 Mich. 326, 45 N. W. 499; Arbuckle v. Walker, 63 Vt. 34, 22 Atl. 458.] One (Casado v. Yramategui, 3 Porto Rico Fed. 338), is to the effect a resident cotenant in common was an indispensable party to an ejectment proceeding where plaintiffs claimed the whole legal title; but in that case the issue was presented by a plea interposed in the trial court.

We, therefore, rule the point relating to the count in ejectment against defendant's contention.

■ Defendant's answer to plaintiffs' count in partition (materially differing from the answer to the ejectment count) alleges owner-

ship in defendant and Veronica Keller, his wife. The evidence establishing such ownership has been reviewed. Section 1550, Revised Statutes 1929 (Mo. Stat. Ann., p. 1732), relating to actions for partition, provides: "Every person having any interest in such premises, whether in possession or otherwise, shall be made a party to such petition" [see, also, Secs. 1547, 1549, 1560, R. S. 1929, Mo. Stat. Ann., pp. 1730, 1731, 1738]; and the law is well settled, together with reasons assigned therefor, that all having an interest in the premises are necessary parties to the action. [See, Lilly v. Menke, 126 Mo. 190, 214, 28 S. W. 643, 650; Carson v. Hecke, 282 Mo. 580, 590, 222 S. W. 850, 853(4, 5); Harper v. Hudgings (Mo.), 211 S. W. 63, 65(5-7); Johnson v. Johnson, 170 Mo. 34, 56, 70 S. W. 241, 248; Hiles v. Rule, 121 Mo. 248, 256, 25 S. W. 959, 960.]

Defendant also interposed a defense of adverse possession in Veronica Keller and himself to said count in partition. Although plaintiffs are tenants in common with Robert Keller and Veronica Keller, if plaintiffs have been ousted from possession by said parties and said parties were in exclusive adverse possession of the land at the time of the institution of the suit, claiming title as their own, plaintiffs are put to their action in ejectment against said parties to settle the question of title before they may maintain partition. [Hutson v. Hutson, 139 Mo. 229, 235, 40 S. W. 886; Waddell v. Chapman, 292 Mo. 656, 674(2), 238 S. W. 481, 483(1).]

Other issues presented in the briefs need not be considered. They will likely not occur upon a retrial.

It appears that all the plaintiffs with the exception of Edwin A. Keller, Helena Rau and Ella K. Miller have had their proper day in court and a fair trial so far as their rights and the rights of Robert Keller are involved. (This is conceded in plaintiffs' argument here.) It also appears that Edwin A. Keller, Helena Rau and Ella K. Miller may have, upon a proper presentation of the issues, a good cause of action in ejectment (including damages and rents and profits) and for partition against Veronica Keller as well as Robert Keller. These matters, we think, would have been eliminated from consideration here had the trial court directed plaintiffs' attention to the necessity of making said Veronica Keller a party to the partition proceedings, and in the event of failure of plaintiffs so to do entertained a motion on behalf of defendant to dismiss said count in plaintiffs' petition. We rule, in the furtherance of justice and the elimination of issues on which the parties have had their day in court [Sec. 1063, R. S. 1929, Mo. Stat. Ann., p. 1362; Hoelzel v. Chicago, Rock Island & Pacific Ry. Co., 337 Mo. 61, 85 S. W. (2d), 126(17); McCombs v. Ellsberry, 337 Mo. 491, 85 S. W. (2d) 135(16)], that the judgment should be reversed and the cause remanded as to each count with

directions to the circuit court to permit counsel to amend the pleadings and correct the errors pointed out, if they so desire, and proceed with the trial of the issues not herein determined; or, if they do not so desire, to proceed in accord with this opinion; and should the parties seek to correct the errors herein pointed out, that the judgment in favor of Robert Keller against all the plaintiffs except said Edwin A. Keller, Helena Rau and Ella K. Miller, as herein directed, should be held in abeyance and embodied in the final judgment after trial on the issues thus to be presented. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.