EMANUAL HENRY MARTIN and ALLENE MARTIN, by their Guardian *ad litem,* v. THE MUNROE & CHAMBLISS NATIONAL BANK OF OCALA, as Executor of the Last Will and Testament of SAM H. MARTIN, *et al.*

169 So. 582.
Opinion Filed July 27, 1936.

D. *Niel Ferguson,* for Appellants;
L. *W. Duval,* for Appellees.

PER CURIAM.—In January, 1934, Sam. H. Martin, of Ocala, Florida, executed his Last Will and Testament in which he named appellee, Munroe & Chambliss National Bank, as his executor. He bequeathed $1,000.00 in cash to each of his three sisters, Mary McClanahan, Clara Martin, and Stella Haas, and to his niece, Allene Martin, he gave $500.00. To his sister, Jane Close, he bequeathed his automobile and directed his executor to pay her the income from the remainder of his estate so long as she lived.

After making these bequests the Will contained the following provision to dispose of the residuary estate; upon the death of Jane Close, "the bank shall wind up said estate and divide the same equally, share and share alike, among my sisters, Mary McClanahan, Clara Martin, and Stella Haas, and my nephews and nieces, or the survivors of said relatives, in equal parts."

In February, 1935, Jane Close having died, the executor to be correctly advised and to protect itself, filed its bill of complaint in the Circuit Court of Marion County praying for a judicial interpretation of the Will. The three surviving sisters and all the nephews and nieces of the testator were named as parties defendant. There were nineteen nephews and nieces, four of whom were infants. L. W. Duval was appointed guardian *ad litem* for the infant defendants, Hamilton B. Martin and Inez Martin. D. Neil Ferguson was appointed guardian *ad litem* for the infant defendants, Emanuel Henry Martin and Allene Martin. There were in all twenty-two heirs named as parties defendant who were entitled to inherit under the Will.

Decrees *pro confesso* were entered against some of the defendants, some of them filed answers submitting their interests to the "tender consideration of the court," others answered contending that the estate should be divided into

twenty-two equal parts and distribution made accordingly, while still others answered contending that it should be divided into seven equal parts, the brothers and sisters, or the representatives of them if not living, inheriting *per capita,* and the nephews and nieces inheriting *per stirpes.*

On final hearing no question of fact was in issue. The sole question presented by the bill and answers was the interpretation of the residuary clause in item five of the Will above quoted. The chancellor held that the residuary estate should be divided into twenty-two equal parts, that one of said parts should be paid to each of the three surviving sisters and that one of said equal parts should be paid to each of the nineteen nieces and nephews of the decedent. The guardian for Emanual Henry Martin and Allene Martin filed a Petition for Rehearing which was denied and this appeal is from both the final decree and the order denying the petition for rehearing.

We are, therefore, confronted with the question of whether or not the chancellor committed error in his interpretation of the Will and distribution of the residuary estate of Sam H. Martin.

Appellants contend that his estate should have been divided into seven equal parts, this being the total number of brothers and sisters who were living or who had children, nephews and nieces of the testator, living to represent them when the Will became effective, while appellees contend that the Will expressed a clear purpose that living sisters, nephews, and nieces, should share alike and equally in the distribution of the estate and being so it should be divided into twenty-two equal parts. As already indicated the trial court upheld the latter contention.

In support of his contention appellant shows that if the division into twenty-two equal parts is approved then Mrs.

Clara Martin and her nine children and Mrs. McClanahan and her four children will receive $18,000.00 of the $25,-000.00 estate. Such a result could not, he contends, have been intended by the testator. It is also contended that when a bequest, as here, is to several named individuals and to others as a class, the latter take *per stirpes* and not *per capita* unless the testator uses language to show a contrary intent, and that since the terms of the Will are susceptible of more than one interpretation distribution should be made according to the statute of descents.

Distribution by the statute of descents or in proportion to the degree of kinship would be the more natural division, but a testator may will as he chooses so long as he does not will against the law or public policy. The residuary clause three times in appropriate language, "equally," "in equal parts," "share and share alike," speaks of an equal division among the sisters, nephews, and nieces, and the chancellor interpreted the residuary clause to mean an equal division among them, that is to say, a division of the estate into twenty-two equal parts.

The decision of the chancellor finds support in the record. It is shown that the testator was a bachelor and that neither parent was living when he made his Will. He had four sisters living, one sister dead, and two brothers dead at that time. There were nineteen nephews and nieces, all were of age but four, and most of them had families of their own. One sister had no children, one had nine, one had four, and others had one each. Preferences were shown some of them in the Will, but the residuary clause shows no intention of this kind.

There is no language in the Will to show that the testator desired a *per stirpes* rather than a *per capita* distribution, though he had been in business for a long time and knew

the condition of his relatives'. One class of beneficiaries was named and the other class was designated as "my nephews and nieces." We find nothing in the residuary clause of the Will other than a purpose to make an equal distribution of the estate among sisters, nephews, and nieces. The chancellor so found and we find no ground for reversal.

It follows that the judgment below must be and is hereby affirmed.

Affirmed.

WHITFIELD, C. J., and ELLIS, BROWN, BUFORD and DAVIS, J. J., concur.