155 So.2d 189 (1963)
Russell Henry DIXON, Le Rue Dixon and Winifred Dixon Wilson, Appellants,
v.
Manning J. DAVIS, as executor of the Will of Marguerite J. Davis, Deceased, and Roy A. Martin, Sr., and Ella B. Martin, husband and wife, Appellees.
No. 3586.
District Court of Appeal of Florida. Second District.
July 10, 1963.
*190 Joe A. Cowart, Jr., Cocoa, for appellants.
Lloyd Campbell and Russell Snow, of Snow & Campbell, Cocoa, for appellees.
SHANNON, Judge.
The parties in this action, with the exception of the executor, Manning J. Davis, are devisees of a certain piece of property under the terms of the Will of Marguerite J. Davis. The appellants sought construction of the devising provision of the Will, and appeal from an adverse final declaratory decree.
The bill sought construction of the following provision of the Will:
"FOURTH: I give, bequeath and devise to my first cousins Russell Henry Dixon and Le Rue Dixon of Cocoa, Florida, and Winifred Dixon Wilson of Jacksonville, Florida, and Robert E. Fish of Fort Pierce, Florida, and Mr. and Mrs. Roy A. Martin, Sr., Cocoa, Florida, all of Lot 3 (except Island Beach Sheet #2) in Section 2, Township 25 South, Range 36 East, which is my grove on Merritt Island, Brevard County, Florida. The above described property to be divided, share and share alike. In the event of the death of Robert E. Fish and Winifred Dixon Wilson prior to this will taking effect then in such event the above described property shall be divided with the remainder still surviving, share and share alike."
Robert E. Fish died before the testatrix, so has no interest herein.
The question on appeal is whether Mr. and Mrs. Roy A. Martin, Sr., take as tenants by the entireties, thereby acquiring only a one-fourth share between them, or whether they take as tenants in common, thereby each acquiring a one-fifth share. The chancellor below held that they took as tenants in common, hence this appeal by their fellow devisees. We affirm.
The appellants' brief cites a number of cases, including Ohio Butterine Co. v. Hargrave, 1920, 79 Fla. 458, 84 So. *191 376; and English v. English, 1913, 66 Fla. 427, 63 So. 822. These cases hold that Florida adheres to the common law principle that husband and wife are legally one person, and where land is conveyed to both husband and wife, unless a contrary intention is expressed in the conveyance they acquire title as tenants by the entireties. It should be remembered, however, that the creation of such an estate rests upon a rule of construction which is based upon the presumption of intent. If a contrary intent appears, it will be followed.
In the instant case we have a contrary intention, as is clearly expressed in the Will in the form of the language, "share and share alike." The testatrix is deemed to have understood the import of the provision which states that the real estate should be divided share and share alike, and the normal construction of that language must be afforded in this instance. With this language her intention is clearly discernible.
In 4 Thompson on Real Property, Sec. 1787, the following language is observed:
"* * * [I]t has been held that a conveyance to three persons, two of whom are husband and wife, creates a tenancy in common in all unless there is an intention that the husband and wife shall take their interest by the entireties.
* * * * * *
"A tenancy in common may be created by a conveyance to husband and wife which manifests an intent that they shall hold in this manner."
We hold that by the use of the words, "share and share alike," the testatrix evidenced an intention to create a tenancy in common among all of the named devisees. The Supreme Court of Florida recognized this construction during its first years as a court, when, in Watts v. Clardy, 1846, 2 Fla. 369, it recognized that  "The terms share and share alike create a tenancy in common." In that case the court was construing South Carolina law, but, finding no decision on point from that State, it reverted to the English common law, recognizing the common law as controlling. Further, in 39 Words and Phrases, "Share and Share Alike," p. 218, it is stated:
"The use of the words `share and share alike,' in a will devising property to certain beneficiaries, share and share alike, operates to create a tenancy in common."
This construction is given further support in 4 Thompson on Real Property, Sec. 1794, where the statement is made that:
"A tenancy in common is always created, without the aid of a statute, by words that look to a division of the land conveyed or devised, such as the words `to be equally divided,' or `share and share alike,' or any words indicating a division, even if the grant is to them `jointly.'"
While our Supreme Court did not have this exact question before it in Martin v. Munroe & Chambliss Nat. Bank of Ocala, 1936, 125 Fla. 65, 169 So. 582, it did express in its opinion what "share and share alike" means, when it stated that such term "* * * speaks of an equal division among the sisters, nephews, nieces, and the chancellor interpreted the residuary clause to mean an equal division among them; * * *."
We note that other jurisdictions follow this same construction, as represented by the case of Keller v. Keller, 1936, 338 Mo. 731, 92 S.W.2d 157. In that Will case the husband and wife took a devise of realty "share and share alike," and it was held that this phrase in the operative clause of the devise created a tenancy in common and not an estate by the entireties. The court in that case discussed the earlier case of Wilhite v. Wilhite, 1920, 284 Mo. 387, 224 S.W. 448, which also recognized this construction.
*192 The appellee has also submitted a particularly good annotation at 161 A.L.R. 457, which supports the doctrine that where there is an intent to create a tenancy in common, effect will be given to such intent, and the spouses will be vested with such an interest.
For the foregoing reasons, then, and based upon the foregoing authority, we think, and so hold, that the Will created a tenancy in common, and not, as contended by the appellants, an estate by the entireties. The appellees, Mr. and Mrs. Martin, should each share a one-fifth interest with the other devisees.
Affirmed.
KANNER, Acting C.J., and DURDEN, WILLIAM L., Associate Judge, concur.