HAVERFIELD, Judge.
Plaintiff-appellant appeals from a final judgment entered by the lower court denying plaintiff’s petition for partition of real property and granting defendant’s counterclaim to quiet title.
Plaintiff and defendant, as husband and wife, resided on the subject property until their divorce on February 2, 1962. In regard to this property, the divorce decree provided:
“The plaintiff is to have the exclusive use and occupancy of the home of the parties located at 810 N. E. 106th Street, Dade County, Florida, and she is to have the same until she either abandon the same or remarries. If the plaintiff abandon the premises or remarries, the defendant is to have the use and occupancy of the home. The home is to he owned jointly between the plaintiff and the defendant. The defendant is to pay the mortgage, taxes and insurance on the above described property, and that the wife is to pay all utility bills from this day forward until she either abandon the premises or remarries.” [Emphasis Supplied]
In September 1967, plaintiff petitioned for modification of the divorce decree so that she might be permitted to move to Tallahassee to attend Florida State University without such move being considered or deemed an abandonment of the property. The decree was so modified and upon plaintiff’s removal, defendant took immediate possession of the property as authorized by the modification. Beginning on September 10, 1968 plaintiff filed a series of complaints, culminating in her amended complaint of December 16, 1971 in which she prayed for partition of the subject property. Defendant counterclaimed seeking to establish his rights in and to the subject property. The court below entered final judgment in favor of defendant.
The main issue in this case is whether or not the final decree of divorce operated to create a tenancy in common to the wife. It is well established in Florida and in many other jurisdictions in the United States that where there is an intent to create a tenancy in common, effect will be given to such intent, and the spouses will be vested with such an interest. Dixon v. Davis, Fla.App.1963, 155 So.2d 189; Cribb v. Cribb, Fla.App.1972, 261 So.2d 566; Annot., 161 A.L.R. 457 (1946). The wording of the decree sub judice was sufficient to convey title to the wife and F.S. § 689.15, F.S.A., is controlling.
Therefore, it is the opinion of this court that the trial court erred in not finding appellant’s interest in the subject property to be that of a tenant in common and in *289 granting appellee’s counterclaim for absolute title and right of possession.
Accordingly, the final judgment is reversed and remanded with directions to grant plaintiff’s petition for partition of the subject property and to dismiss defendant’s counterclaim.
Reversed and remanded.