**GREEN HILLS PRODUCTION CREDIT ASSOCIATION, Appellant,**

v.

**Charles E. BLESSING and Lois L. Blessing, Respondents.**

No. WD 44736.

Missouri Court of Appeals, Western District.

June 9, 1992.

---

David C. Stover, Kansas City, for appellant.

Teresa Hensley, Hensley & Hensley, Raymore, for respondents.

Before SPINDEN, P.J., and TURNAGE and BRECKENRIDGE, JJ.

TURNAGE, Judge.

Green Hills Production Credit Association filed a garnishment action against Lois Blessing to garnish her interest in life insurance proceeds payable on the death of her son. The insurer, Allied Life Insurance Company, filed a declaratory judgment action because of the controversy between Lois and Green Hills. The court entered judgment finding that Lois and her husband, Charles, took the insurance proceeds as tenants by the entirety and Green Hills could not garnish any part of the proceeds. On this appeal Green Hills contends that Charles and Lois did not take the proceeds as tenants by the entirety. Reversed and remanded.

Green Hills obtained a judgment against Charles and Lois in April, 1984, on eleven promissory notes totaling $139,713.53. In November, 1989, Charles was discharged in bankruptcy from the joint debt which he and Lois owed Green Hills.

Charles and Lois had a son, William, who died in February, 1990. William had executed a change of beneficiary for his life insurance policy in which he named the primary beneficiaries as Charles E. and Lois L. Blessing (parents). The form stated:

> Primary: Charles E. and Lois L. Blessing (parents)
> All beneficiaries to share equally or to the survivor(s) unless otherwise specified.
> Contingent: William Cody Blessing
> William Levi Blessing son's

Unless otherwise specified, all surviving primary or contingent beneficiaries will share proceeds equally.

In April, 1990, Green Hills filed a garnishment action against Lois. A motion to quash the garnishment was overruled. Thereafter, Allied filed a petition in interpleader and the court discharged Allied after it had paid the face value of the policy, $100,000.00, into court. The parties stipulated that Green Hills is a judgment creditor of Lois but that Charles was discharged from the Green Hills debt by order of the U.S. Bankruptcy Court. The stipulation further stated that Charles and Lois were the parents of William and at all times material to the issues in this case Charles and Lois were husband and wife.

The court held that Charles and Lois took the insurance proceeds as tenants by the entirety and for that reason Green Hills could not garnish the interest of Lois.

The only question raised on this appeal is whether or not Charles and Lois took the insurance proceeds as tenants by the entirety. In *Sims v. Missouri State Life Ins. Co.*, 223 Mo.App. 1150, 23 S.W.2d 1075, 1077[1] (Mo.App.1930), the court held that in determining the beneficiary in a policy of life insurance the court will be governed by the intention of the parties and especially by the intention of the insured. The court further stated that the language designating the beneficiary is to be treated as though it were testamentary in character, "and that it is to receive, as nearly as possible, the same construction as if it were used in a will, especially where the person claiming to be the beneficiary is the natural object of the bounty and affection of the insured." *Id.* 23 S.W.2d at 1077[2].

In *Keller v. Keller*, 338 Mo. 731, 92 S.W.2d 157, 162 (1936), the court considered a will which devised real estate to a husband and wife "share and share alike." The court held that the phrase "share and share alike" created a tenancy in common and not a tenancy by the entirety or a joint tenancy. The court reasoned that the language "share and share alike" is inconsistent with a joint tenancy or a tenancy by the entirety. *Id.* 92 S.W.2d at 162[8].

In *In Re Estate of King*, 572 S.W.2d 200, 211[15–21] (Mo.App.1978), this court held that a tenancy by the entirety "can only be created between husband and wife and each spouse is seized of the whole or entirety and not a share, moiety or divisible part." This is referred to as the unity of interest when spouses hold as tenants by the entirety and is one of the factors which distinguishes tenancy by the entirety from other ownership interests.

Lois correctly points out that a tenancy by the entirety is created when a husband and wife acquire property and the following four elements are present: (1) they take one and the same interest; (2) they take that interest by the same conveyance; (3) the interests commence at the same time; and (4) they hold by one and the same undivided possession. *U.S. Fidelity and Guar. Co. v. Hiles*, 670 S.W.2d 134, 137[1–4] (Mo.App.1984).

Lois cannot show that she meets the requirement that she and Charles took one and the same interest and that they hold by one and the same undivided possession. Here, the designation of beneficiaries stated that Charles and Lois were to share equally in the insurance proceeds. As held in *Keller*, this created a tenancy in common and not a tenancy by the entirety because it indicated an intent that Charles and Lois take individual shares rather than taking one undivided interest in the face amount of insurance.

Under the designation of beneficiaries Charles and Lois took the insurance proceeds as tenants in common and the judgment holding to the contrary must be reversed.

The judgment is reversed and this cause is remanded with directions to enter judgment finding that Charles and Lois took the insurance proceeds as tenants in common.

All concur.