**J. F. RUTHERFORD, Respondent,**

**v.**

**Johnnie M. RUTHERFORD and Audrey Rutherford, Appellants.**

**No. 53938.**

Supreme Court of Missouri,
Division No. 2.

Sept. 8, 1969.

Morran D. Harris, Osceola, for respondent.

Teel & Teel, Fred M. Teel, Nevada, for appellants.

VERNON W. MEYER, Special Judge.

Defendants, named grantees in a general warranty deed, appeal from a judgment of the trial court setting the same aside and restoring the property described therein to plaintiff. We affirm.

This action was instituted on the 19th day of September, 1967, by the filing of plain-

tiff's petition in the Circuit Court of St. Clair County, Missouri. The petition alleged that plaintiff was a resident of St. Clair County, Missouri, and that defendants, Johnnie M. Rutherford and Audrey F. Rutherford, were residents of Vernon County, Missouri; that plaintiff had been since May 18, 1951, the owner in fee simple of certain real estate in St. Clair County, Missouri; that on or about March 31, 1967, defendants prepared, or had prepared for them, a warranty deed from plaintiff to them as grantees of the property in question and on said day defendants did place and forge, or cause to be placed and forged, plaintiff's name on said deed as though it were his signature; that said purported deed was filed for record on April 3, 1967. Plaintiff denied that said instrument was his deed, or that he executed such deed to defendants at the time alleged or at any other time, or at all, or that he conveyed to defendants the premises as alleged, or at all.

The petition alleged further that if plaintiff's signature appeared on said deed it was obtained by fraud, deceit, and misrepresentation on behalf of defendants as he never intended to sign a deed; that said deed purported to have been acknowledged by Mae Snowden, Notary, at her office in Nevada, Missouri, on March 31, 1967; that said acknowledgment was false and fraudulent as plaintiff never appeared before said notary in Nevada, Missouri, or anywhere else at any time, and acknowledged said deed. It was further alleged that plaintiff was elderly and in ill health and had suffered extreme mental anguish as a result of the acts of defendants which were willful, wanton, and malicious, and calculated to deprive him of the property in question without his consent.

Plaintiff prayed judgment against defendants in the sum of $5,000.00 actual and $5,000.00 punitive damages, for a decree setting aside the purported deed and restoring title to the property in question to plaintiff and for costs and attorney's fees.

Defendants in their answer admitted the residence of the parties, admitted that plaintiff executed and delivered a warranty deed to defendants conveying the land described in plaintiff's petition and that the same was recorded in the deed records of St. Clair County, Missouri, and denied the remainder of the allegations set out in plaintiff's petition.

We have jurisdiction because title to real estate is involved. Article V, Section 3, Constitution of Missouri, 1945, V. A.M.S.

Defendant Johnnie Rutherford is plaintiff's nephew and defendant Audrey Rutherford is said nephew's wife.

The deed which is the subject of this action, defendants' Exhibit 1, is the garden-variety general warranty deed form commonly found in printing and stationery shops. When completed by defendants' attorney, at the request of defendant Johnnie Rutherford, it bore the date "March 20, 1967" and provided for the absolute transfer of the property described in the petition by plaintiff to defendants in consideration of $1.00 and other consideration paid. On one of the four lines provided for signatures, there is, partially lined out, what appears to be the handwritten name "J. F. Ruthefd", and on the line below there appears the handwritten name "J. F. Rutherford". The acknowledgment recites that it was taken by Vernon County notary public Mae Snowden in Nevada, Missouri, on March 31, 1967.

Neither the grounds for the court's decision nor its findings on any of the principal controverted fact issues was requested by the parties nor were they included in the decree. In its decree the court "finds the issues in favor of the Plaintiff, and finds that the deed in question should be set aside and title to the property in question restored to Plaintiff", and the same was ordered. It was further ordered that plaintiff's prayer for damages and for attorney's fees be denied.

It would serve no useful purpose to detail the testimony with all of its many incon-

sistencies, contradictions, and sharp conflicts; it suffices to set out the gist of the evidence of the respective parties. That of the plaintiff is that he at no time signed a deed conveying the property in question to defendants and that what appears to be his signature on Exhibit 1 is a forgery; that the only instrument he signed at the time Exhibit 1 was purportedly executed by him was a plain sheet of paper, which it was represented to him was to keep his housekeeper from breaking his will; that he was eighty-two years old and in poor health; that he was so hurried by defendant Audrey Rutherford into signing the paper while his housekeeper was absent for a brief period of time that he left three letters off of his name. The gist of defendants' evidence is that they had Exhibit 1 prepared at plaintiff's numerous requests; that it was his desire to deed the property to them with the understanding that he was to be permitted to live on it until his death or until he got tired of it and that defendant Johnnie Rutherford was to pay his funeral expenses; that he executed Exhibit 1 with full understanding and knowledge of its contents. The "understanding" was not recited in the deed.

The trial court made certain post-trial remarks which obviously contributed to the basis for defendants' attack on the decree. We do not detail them here because the reasons the court may have had in mind are not determinative if the judgment is correct on any theory within the framework of the pleadings and evidence. Oliver v. Fisher, Mo.App., 430 S.W.2d 611. Because the court entered a general judgment in favor of plaintiff, it necessarily found the facts in issue in his favor. Ramacciotti v. Joe Simpkins, Inc., Mo.Sup., 427 S.W.2d 425.

In their brief, defendants contend that a comparison of the evidence shows an absence of the clear, cogent and convincing evidence necessary to sustain the burden of proof required to set aside the deed; that the court erred in basing its decision on the fact that the entire agreement does not appear on the face of the deed; and that the court erred in failing to apply the evidence requirement of clear, cogent and convincing evidence in a case to set aside a deed.

Plaintiff, on the other hand, contends that the only issue preserved by defendants for review is the question of the sufficiency of the evidence to support the judgment; that the trial court's finding that plaintiff had sustained the burden of proof required to set the deed aside should not be disturbed by the appellate court because: a decision in a court-tried case while reviewable in the Supreme Court is not to be set aside unless clearly erroneous, especially in cases in which there is a sharp conflict in testimony before the trial court; that judgment of a trial court should be sustained if it is correct on any theory; and that defendants' appeals should be dismissed because their brief does not comply with Civil Rule 83.05. With regard to the latter contention, we find that while defendants' brief is less than technically perfect in complying with Civil Rule 83.05, V.A.M.R., the variance is not so great as to justify dismissal of their appeal.

As set out in plaintiff's petition and borne out by the evidence he adduced, his thrust against Exhibit 1 is two-pronged: (1) What purports to be his signature is a forgery; and (2) if he did sign it, his signature was procured by fraud, deceit, and misrepresentation.

In reaching our decision, we follow these well-established principles:

In an equity action to cancel a deed, we must determine the cause de novo, weigh the competent evidence introduced upon the factual issues and reach our own conclusions based upon that evidence, although we defer to the finding of the trial court where there is conflicting oral testimony involving a determination of the credibility of witnesses who appeared before it. We must also keep in mind that the cancellation of a deed is the exercise of the most extraordinary power of a court of equity, and this power ought not to be exer-

cised except when clearly justified from a consideration of all of the evidence in the case. Mintert v. Gastorf, Mo.Sup., 417 S.W.2d 101, and cases cited therein; and such evidence must be clear, cogent and convincing. Steller v. Steller, Mo.Sup., 401 S.W.2d 473. Unless from our examination of the record we are compelled to conclude that these findings are clearly erroneous, we are to defer to the findings of the trial judge who heard the evidence and observed the witnesses. Ramacciotti v. Joe Simpkins, Inc., supra. The reasons for according deference to a trial court's findings are well expressed in Simpson v. Blackburn, Mo.App., 414 S.W.2d 795, 1. c. 797 [4]: "The trial judge was steeped in the atmosphere of the trial, saw and heard the witnesses, heard the arguments of counsel, and was in a position to interpret and appreciate the evidence with all its shades of meaning better than we can do merely by reading and studying a written report of it. He had in his presence the living thing; we have but a dead image of it."

After a detailed and careful study of the entire record, we find ample evidence from which the trial judge could reasonably have found that the deed should be set aside and when we consider the record in the light of the principles we have enumerated, we do not feel compelled to find the conclusions of the trial judge to be clearly erroneous.

■ We agree with defendants that plaintiff's evidence failed to sustain his position that his signature on Exhibit 1 was a forgery. Of utmost significance leading to this finding is the absence of three letters in his name on the deed considered with his testimony that he left out three letters in his name as he hurriedly signed the paper. We also agree with defendants' contention that the mere fact that the entire agreement did not appear on the face of the deed would not justify setting it aside. Bevins v. Harris, Mo.Sup., 380 S.W.2d 345.

■ This leaves for our consideration that part of the record bearing on plaintiff's contention that his signature on the deed was procured by fraud, deceit, and misrepresentation.

On this issue we consider what must have been a disparity in the ages of the parties, the long-existing poor health of plaintiff with its attending weakness, the fact that defendants were related to plaintiff, one by blood, one by marriage, the fact that the relationship between the parties appeared to be a friendly one as evidenced by defendant Johnnie Rutherford's having been helpful to plaintiff, one that would and did induce plaintiff to repose greater trust in defendants than he would a stranger.

We consider also that of the two persons who stood to benefit by the deed, one had it prepared and the other presented it to the plaintiff for his signature in the presence of a notary public of their choice.

We take more than passing interest in the testimony of Lillian Kuntz, a witness produced by defendants, that in March of 1967 she accompanied defendant Audrey Rutherford and notary public Mae Snowden to plaintiff's house at which time she went outdoors with plaintiff's housekeeper to look at her hyacinths; that she knew they were going to have some papers notarized and did not want the housekeeper present when they were getting them signed. We note, too, that it was during the housekeeper's absence that the deed was signed.

Under the circumstances here related and in the atmosphere existing at the time the deed was signed, we find that plaintiff did not intend to sign a deed conveying the property to defendants but rather an instrument purporting to prevent plaintiff's housekeeper from breaking his will; that he was hurriedly urged into signing the deed by defendant Audrey Rutherford, relying on her misrepresentation that it was an instrument other than a deed.

The judgment is affirmed.

DONNELLY, P. J., and MORGAN, J., concur.

FINCH, J., not sitting.