Tillie GASSNER, Plaintiff-Appellant,

v.

Barbara CROMER,
Defendant-Respondent.

No. 48854.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 4, 1986.

---

**1.** On motion of defendant the mandate in *State v. Riley,* 583 S.W.2d 751 (Mo.App.1979) has been recalled.

Gregg W. Keegan, Anthony M. Gioia, St. Louis, for plaintiff-appellant.

George T. Mehan, St. Louis, for defendant-respondent.

KAROHL, Judge.

The original opinion in this case is withdrawn. This new opinion is issued to clarify matters raised by respondent Barbara Cromer on Motion For Rehearing and to afford the dissent an opportunity to certify this case to the Supreme Court.

Plaintiff Tillie Gassner appeals from judgment declaring plaintiff and defendant Barbara Cromer to be the owners of residential real estate in the City of St. Louis as tenants in common. The judgment was entered on Count I of the petition on the basis of an agreed statement of facts and exhibits referred to in the statement. The court dismissed Count II for breach of contract and Count III for fraud. This part of the judgment is not appealed.

Count I was a suit to Quiet Title. Plaintiff prayed the court to "ascertain, adjudge and decree the title and interest of the respective parties" in the real estate once owned in fee by the plaintiff. The court was also asked to grant such further relief as the court may deem meet and proper. In an equity case the general prayer permits the balancing of equities within the scope of the pleadings and the evidence. *Niederkorn v. Niederkorn*, 616 S.W.2d 529, 533 (Mo.App.1981).

On May 1, 1975, plaintiff Tillie Gassner was 85 years old and the owner of her home located at 6802 Hancock Avenue in St. Louis, Missouri. On that day plaintiff, a single person, executed a Quit-Claim Deed transferring the real estate from herself to herself, Clyde W. Sundell and Lillian Sundell, his wife as joint tenants and not as tenants in common. The granting clause of the Quit-Claim Deed read:

LOT 10 of HARLEM PLACE and in Block 4770 of the City of St. Louis, fronting Fifty (50) Feet on the South line of HANCOCK AVENUE by a depth Southwardly of 154 feet 10 inches to an alley, together with improvements situated thereon known as and numbered 6802 Hancock Avenue.

*Subject to* Nuisance clause and building line and any restrictions of record.

*Subject to* an Agreement made and entered into the 1st day of May, 1975, by and between the Parties hereto providing that Clyde W. Sundell and Lillian Sundell, his wife, jointly and/or severally agree to care for, maintain and support Tilie Gassner for so long as she may live. (emphasis ours)

The deed was recorded in the records of the City of St. Louis on May 27, 1975. On the same day the parties entered into a written agreement which acknowledged that the Sundells had paid $960.00 to plaintiff as part payment for the interest which they acquired by the deed. Plaintiff contributed $3,000 and the Sundells $3,000 to an account which was used to make repairs and improvements on the property. The Sundells agreed that they would thereafter pay all taxes, insurance, repairs, improvements and maintenance of the property so as to relieve plaintiff of any obligation

whatsoever for payment in any way of further sums in connection with the property including the real estate taxes for the year 1975. The Sundells further, "jointly and severally agree to care for (plaintiff), for so long as she shall live, and to provide for her maintenance, comfort and support and for her residence in said property."

Beginning in May 1975 the parties to the Quit-Claim Deed and agreement lived in the Hancock Avenue residence. In June of 1981 Clyde W. Sundell died. In August of 1982 Lillian Sundell was terminally ill with cancer, and was unable to continue to work and earn a salary. In September 1982 she left the Hancock Avenue residence to live with her daughter, Barbara Cromer, the defendant herein. Lillian Sundell lived with her daughter from September of 1982 until her death in August of 1983. For over seven years the Sundells had honored their agreement with Tillie Gassner. Because of her illness Lillian Sundell stopped providing care for plaintiff on September 12, 1982. She did, however, pay the 1982 real estate taxes and the home insurance premium for the period of September 1982 through September 1983. She also paid utility bills incurred at the real estate through May of 1983.

On September 12, 1982 Lillian Sundell executed a General Warranty Deed transferring her interest in the subject real estate to Barbara Cromer, a married person. This deed was recorded in the records of the City of St. Louis on January 17, 1983. The granting clause of the Warranty Deed contains the description of the property and the following:

The second party herein shall not be deemed to and does not assume any obligation or liability, if any, of the party of the first part for the performance of any personal service or performance or for the payment of any amounts or for services or for any other matter under any contract or agreement entered into between Clyde W. Sundell, Lillian Sundell and Tillie Gassner.

No consideration was paid by defendant Barbara Cromer to Tillie Gassner regarding the Warranty Deed.

Appellant raises two issues on appeal. First, appellant contends that the trial court erred in decreeing that the title to the real property is vested in appellant and respondent as tenants in common because the judgment unjustly enriches respondent. Second, appellant contends the judgment denies her restitution and allows respondent to escape her legal duty of performance.

■ The case was presented to the court on an agreed statement of facts. Accordingly, our review is limited to a determination of whether the judgment properly or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ Preliminarily we note that a conveyance by one of two joint tenants prior to the death of either will defeat the right of survivorship and will create a tenancy in common between the remaining joint tenant and the grantee in the deed. *Dobbins v. Hupp*, 562 S.W.2d 736, 742 (Mo.App. 1978). The Warranty Deed of Lillian Sundell transferred to respondent Barbara Cromer only "her right, title and interest" in the property. Our first duty is therefore to determine what interest Lillian Sundell transferred to her daughter.

■ The May 1, 1975 deed from plaintiff to herself and the Sundells provided that the interest transferred to the three grantees including herself was "subject to an agreement to care for, maintain and support Tillie Gassner for so long as she may live." The interest of all three grantees as joint tenants under the Quit-Claim Deed was qualified by the agreement expressed in the deed and the separate written agreement. This is a valid joint tenancy since all the grantees have an equal right to share in the enjoyment of the property during their lives and the right of survivorship. *Powers v. Buckowitz*, 347 S.W.2d 174, 175 (Mo.1961). The unities of interest, title, time and possession for a joint tenancy

were satisfied by the Quit-Claim Deed conveyance. *Longacre v. Knowles*, 333 S.W.2d 67, 69–70 (Mo.1960). However, the grantees acquired only a base or qualified fee, *Keller v. Keller*, 338 Mo. 731, 92 S.W.2d 157, 161 (Mo.1936), due to the "subject to" language. If plaintiff Tillie Gassner had conveyed her interest in the real estate without removing the "subject to" condition it would have had the same effect as the deed of Lillian Sundell to respondent daughter, i.e. it would have severed the joint tenancy into a tenancy in common. However, the grantee would have received Tillie Gassner's interest subject to the condition made part of the granting clause in the Quit-Claim Deed of May 1, 1975 and supported by the separate written agreement.

This is not a case where a part of the Quit-Claim Deed conflicts with another part of the same deed. Accordingly, it is unnecessary to search the deed for the intent of the grantor. *Keller v. Keller*, 343 Mo. 815, 123 S.W.2d 113, 115 (Mo.1938). The question of interpretation in the present case is the effect of the language "Subject to an Agreement made and entered into the 1st day of May, 1975 ..." However, the agreement was part of the stipulated facts and is meaningful both in interpreting the language of the deed and the intent of the grantor. Paragraph 5 of the agreement referred to in the deed reads:

> (5) That in addition to assuming responsibility for complete maintenance of the real estate described herein, as set forth in item '(4)', the Parties of the First Part, jointly and severally agree to care for the Party of the Second Part, Tillie Gassner, for so long as she shall live, and to provide for her maintenance, comfort and support and *for her residence in said property*. (emphasis ours)

In *Fairmont Foods Company v. Skelly Oil Company*, 616 S.W.2d 548 (Mo.App. 1981), the court considered "[u]se of the term 'subject to' in a deed conveying an interest in real property is a qualification of the estate granted." *Id.* at 553. As a result of the qualification in the Quit-Claim Deed, explained in the agreement, and the death of Clyde W. Sundell the interest Lillian Sundell conveyed to respondent daughter was that of a tenant in common to an undivided one-half interest subject to the agreement to pay all expenses relating to the real estate and to care for grantor-grantee Tillie Gassner because that is all she had to convey.

In *Bevins v. Harris*, 380 S.W.2d 345 (Mo. 1964) the supreme court considered a suit to set aside a warranty deed to a farm where a 74 year old owner deeded his property to a grandniece and her husband reserving in himself a life estate. The deed did not contain any reference to a separate written contract or the obligation of the grantees to provide him with a home for the rest of his life. No consideration was paid by the grantees to the grantor for the deed. The parties were to engage in the operation of the farm on a partnership basis. Certain actions of the grantor made it impossible for the grantees to continue to provide the grantor with a home. The court affirmed a judgment finding the deed valid and enforcible but ruled that the grantor was entitled to recover monthly a sum equal to the reasonable value of services the grantees had agreed to render. In the supreme court's view, "[a] denial of relief would result in a substantial loss to appellant [grantor] and an unconscionable enrichment of respondents by which, without the necessity of rendering any further service under their contract, they would retain a remainder interest in a farm worth approximately $100,000." *Id.* at 354. Although the relationship contemplated in the contract and the impossibility as a practical matter in executing the contract in the manner originally intended was attributed to grantor's actions the court concluded that in view of the grantor's age and circumstances he was entitled to "such relief as in equity and good conscience will secure compensation to plaintiff for such loss as will result to him." *Id.* This manner of compensation was found to be a suitable substitute for the personal services of respondents.

Although the holding in *Bevins* is not decisive of this appeal because of the fact differences the principle of the suitable substitute for personal services has application. The terms of the Warranty Deed from Lillian Sundell to respondent Barbara Cromer acknowledge that Lillian Sundell as grantor had an obligation to plaintiff Tillie Gassner. If this were not true there would have been no need for Barbara Cromer to disavow and receive an interest in the real estate free of the obligation.

Our research discloses the case of *Carney v. Carney*, 138 Tenn. 647, 200 S.W. 517 (1918). In *Carney* the supreme court of Tennessee considered a deed which provided that the grantee would care for the grantors during their lifetime. The grantee was to pay all debts of the grantors and care for them but in the event of failure to perform on the part of the grantee the grantors reserved a right to sell. The court first found that the delivery of the deed vested an interest in the grantees and that the provisions for maintenance and support were not a condition precedent. It found, however, that the grantors' right to performance constituted an enforcible lien on the land and the death of the grantee or the fact that he no longer could perform the agreement to support the grantors would not defeat the estate of the grantee. The court rejected holdings which found that since a condition precedent had failed returning the property to the grantor was justified. The court achieved a just result because it honored the intention of the grantor as expressed in the deed and also vested an interest in the grantee at the time of the deed. This view is elastic enough to meet the equities of both grantor and grantee. Our supreme court in *Bevins* adopted a similar view and cited *Priebe v. Sette*, 197 Minn. 453, 267 N.W. 376, 378 (1936). There the trial court's decree was modified to provide the grantor with payment of a monthly sum substituting for monthly care secured by a first and superior lien upon the property.

■■ We find that the trial court erred as a matter of law in finding that respon-

dent Barbara Cromer has an undivided one-half interest as a tenant in common free of the qualification which resulted from the "subject to" condition in the May 1, 1975 Quit-Claim Deed. The trial court gave respondent Barbara Cromer a greater interest in the property than that of her grantor whose interest was that of a joint tenant subject to a lien in an amount equal to the value of the agreement to pay taxes, insurance, maintenance and care. Barbara Cromer has no personal liability to plaintiff. However, her interest in the real estate is encumbered by the provisions in the Quit-Claim Deed and by reference the provisions of the agreement. If the lien is not recognized then plaintiff's use of the property as "her residence in said property" for as long as she shall live is imperiled by the possibility of partition.

■ Accordingly, we reverse and remand to the trial court for a hearing to determine the value of the lien against the interest of defendant Barbara Cromer from the date of default. Plaintiff must carry the burden of proof by evidence relating to the extent or value of the lien.

In view of the decision we reach it is unnecessary to address appellant's second contention. The result will create an opportunity to restore or compensate appellant to the extent supported by the evidence. The result does not impose any legal duty of performance upon respondent who was not a party to the agreement and assumed no responsibility as grantee under the Warranty Deed of January 12, 1983.

■ After an original opinion respondent Cromer filed a Motion For Rehearing Or Transfer To The Supreme Court claiming that we overlooked the fact that Lillian and Clyde Sundell paid a valuable consideration in the form of money and personal services of care and maintenance for plaintiff-appellant; that the Sundells performed the required personal services until death rendered the performance impossible and that the Sundells' obligation was discharged by reason of death. On remand the trial court will determine the extent or value, *if any*, of the lien against respondent's interest in

the subject real estate. We do not mean to restrict the trial court from a full determination of the extent of the lien. The trial court may credit the sums paid to Tillie Gassner by the Sundells and the value of services rendered by the Sundells in relation to the current value of the real estate, one-half of which belongs to defendant Cromer subject to the lien, if any. Accordingly, we do not reach and have not overlooked the value of consideration contributed by cash or services. If the Sundells have compensated plaintiff Gassner by payment of money and personal services having a value of one-half of the current value of the real estate then the court may find the lien to have been satisfied. The present record does not present the necessary facts for this court to make that determination.

Respondent also contends on Motion For Rehearing that the agreement between plaintiff and the Sundells called for personal services only. This position was considered by the court and rejected because the agreement also called for the right of plaintiff, as grantor, to reside in the property during her natural life.

We reverse and remand for further proceedings not inconsistent with this opinion.

CARL R. GAERTNER, J., concurs.

PUDLOWSKI, P.J., dissents and will assign reasons.

PUDLOWSKI, Presiding Judge, dissenting.

I respectfully dissent.

This matter reminds the writer of an old legal truism. Hard cases make bad law. Hard cases must not make bad equity any more than bad law. *Moore v. Pierson*, 6 Iowa 279, 71 Am.Dec. 409 (1858).

In the case at bar, appellant raises two points on appeal. First, appellant contends that the trial court erred in decreeing that the title to the real property be vested in appellant and respondent as tenants in common because the judgment unjustly enriches respondent. Second, appellant contends the judgment denies her restitution

and allows respondent to escape her legal duty of performance.

A conveyance by one of two joint tenants prior to the death of either will defeat the right of survivorship and will create a tenancy in common between the remaining joint tenant and the grantee in the deed. *Dobbins v. Hupp*, 562 S.W.2d 736, 742 (Mo. App.1978). Thus, the trial court did not err in decreeing title to the real property be vested in the parties as tenants in common.

In support for her second contention, appellant argues that the Quit-Claim Deed was executed with the intention that the Sundells care for appellant for the rest of her life and as such should be canceled. In an equity action to cancel a deed, we must keep in mind that the cancellation of a deed is the exercise of the most extraordinary power of a court of equity, and this power ought not to be exercised except when clearly justified from a consideration of all the evidence in the case. *Rutherford v. Rutherford*, 444 S.W.2d 439, 441 (Mo.1969). Further, it has long been held in this state and most recently held that a deed executed in consideration of the grantee's promise to support the grantor, without any clause looking to forfeiture, reentry or reverter for non-performance and when there is no showing of fraud, mistake, duress, undue influence or unfair advantage on the part of the grantee, is not subject to cancellation but the grantor's remedy is a suit for breach of contract. *Bevins v. Harris*, 380 S.W.2d 345, 351 (Mo.1964). Here, appellant could have pursued her proper remedy for breach of contract upon the death of the Sundells by bringing suit against the representative of the estate of Lillian Sundell, but did not. Her suit against respondent was improper. The trial court properly held that there was no privity of contract between appellant and respondent.

Additionally, appellant's evidence disclosed that the costs of maintaining a person per annum was between $10,000 and $12,000. The Sundells had maintained appellant for seven and one-half years. The

value of the real property was estimated between $40,000 and $50,000. Respondent is not receiving an unconscionable enrichment as contended by the majority and as a practical matter is only receiving what is legally hers. Thus, the trial court did not err in denying restitution from respondent.

Lastly, contracts to perform personal services are considered as made on the implied condition that the party shall be alive and capable of performing the contract, so that death or disability will operate as a discharge, *McDaniel v. Rose*, 153 S.W.2d 828, 830 (Mo.App.1941). *See also* 17A C.J.S. Contracts § 465. In the present case, there was no agreement among the Sundells and appellant concerning reentry or reverter nor was any allegation made that the original deed was obtained by fraud, mistake, duress or undue influence. While the decision denying appellant restitution appears harsh, appellant could have contracted for the right of reentry or reverter. She did not. As respondent was not a party to the original agreement nor did she assume the Sundells' personal service obligation and was not a recipient of any unjust enrichment, the trial court did not err in denying restitution.

For the above reasons, I would affirm.