**CENTURY FINANCIAL SERVICES GROUP, LTD., Plaintiff/Respondent,**

v.

**SUN SOUND AUDIO, Defendant/Appellant.**

No. 69824.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 26; 1996.

Edward P. Radetic, St. Louis, for Defendant/Appellant.

Brinker, Doyen & Kovacs, P.C., Jon R. Sanner, St. Louis, for Plaintiff/Respondent.

KAROHL, Judge.

With one exception, this appeal involves operative facts and legal issues which are the same as those considered in *Century Financial Services Group Ltd., a Corporation v. Houston E. Bates, Jr., et al.,* 934 S.W.2d 619 (Mo.App.E.D.1996). The attorneys for both sides, lessee's sole point on appeal and lessor's response are identical. The one factual difference lies in the lease Sun Sound Audio entered into with Century Financial. The equipment lease in this case does not provide lessee with an option to purchase and no price formula to define fair market value as the price a willing buyer would pay a willing seller if lessee exercises an option to purchase at the end of the lease. In the present case the only agreement for an option is in a separate but contemporaneous option instrument.

In *Bates,* the lessor and lessee used two contemporaneous instruments, a lease and an "Option to Purchase Leased Equipment." Both contained a reference to price if lessee exercised its option. However, the price formulas were different. We held the trial court did not err in adopting the fair market value standard from the lease. It was not necessary to determine the intention of the

parties as expressed only in the Option to Purchase Leased Equipment instrument because the issue was whether the trial court erred in choosing one pricing formula over the other.

In the present case, however, there was no option paragraph in the lease and no expressed definition of the term "fair market value." The issue here is whether the trial court erred in basing the judgment on "fair market value" and not on "10%" of lessor's purchase price. Our review is limited to a determination of whether the judgment properly or erroneously declared or applied the law based on stipulated facts. *Gassner v. Cromer*, 704 S.W.2d 695, 697 (Mo.App.1986).

The relevant provisions of the option instrument were: "... said equipment shall be: offered to the lessee for its fair market value estimated to be 10%." The trial court concluded the applicable pricing formula was the fair market value language in the option instrument and not the "estimated to be 10%." The option instrument does not define 10% of what sum. The parties stipulated the reference was to lessor's purchase cost of the leased equipment, a fixed sum known to the parties when the documents were signed. If that fixed sum was to be definitive of the purchase price then there would be no need to "estimate" a price by use of a percentage. The terms "fair market value" and "estimate" become meaningful only if the purchase price was to be determined at the time of the exercise of the option for an amount unknown at the time the lease and option instrument were signed. The existence of the fair market value language in the option instrument and the reference to an estimated value support the judgment. Based on our standard of review, we affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.