**CENTURY FINANCIAL SERVICES GROUP, LTD., a Corporation, Plaintiff/Respondent,**

v.

**Houston E. BATES, Jr., et al., Defendants/Appellants.**

**No. 69516.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 26, 1996.

**620**

Edward P. Radetic, P.C., St. Louis, for defendants/appellants.

Jon R. Sanner, Brinker, Doyen & Kovacs, P.C., St. Louis, for plaintiff/respondent.

KAROHL, Judge.

Defendants, Houston E. Bates, Jr. and Rodger Eric Bates d/b/a Bates Brother Recording, (lessees) appeal from a money judgment in favor of Century Financial Services Group, Ltd., (lessor). The case was court tried on stipulated facts. The parties signed a lease and a separate option agreement on the same date, first the lessees, then the lessor. Lessees wanted to purchase leased audio equipment by exercising an option in the option contract which they argue fixed the price at 10% of the lessor's purchase price. Lessor claimed the price must be determined by the option provision in the lease which defined the option price in terms of what a willing buyer would pay a willing seller. The trial court ruled in favor of lessor.

The agreed basic facts are as follows. On December 12, 1989, lessees signed a lease agreement and option contract to lease professional audio equipment. Lessor signed both instruments on December 27, 1989. The parties used lessor's pre-printed, form lease, identified as Lease No. 4050. They agreed to 60 monthly payments of $482.54. The lease contained an option clause which gave lessees the option to purchase the audio equipment "at the end of the Initial Term at a price equal to the Fair Market Value." The lease defined fair market value as "equal to the value which would be obtained in an arms-length transaction between an informed and willing buyer and an informed and willing seller."

The option contract specifically incorporated and referenced the lease. It granted lessees the right of first refusal to purchase the audio equipment at "its Fair Market Value, estimated to be 10%." It also described the procedure lessee must follow to exercise the option.

It was agreed both instruments were valid. They also stipulated to the original price lessor paid for the equipment as $17,771. Additionally, they stipulated that if the fair market value of the equipment was not 10% of the original purchase price, then the fair market value would be $6,593.04.

Lessees' sole argument on appeal consists of four alternatives. They argue the trial court erred in: (1) ignoring the existence of the option document; (2) ignoring the ambiguity between the lease and the option document; (3) failing to construe the lease and option document in their totality; or, (4) failing to properly resolve the ambiguity between the lease and option contract. Since lessees' arguments are interrelated, we will address them as one.

The primary rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention. *Edgewater Health Care, Inc. v. Health Systems Management, Inc.*, 752 S.W.2d 860, 865 (Mo.App.1988). When there is more than one instrument, we must construe them together and contradictions must be harmonized if reasonably possible. *Structural Systems, Inc. v. Hereford*, 564 S.W.2d 62, 66 (Mo.App.1978).

The parties agreed in two different, but related and contemporaneous instruments, on two different price formulas. The lease provided lessees with the option to purchase the equipment at a fair market value figure determined by what a willing buyer would pay a willing seller. The option contract provided lessees with a fair market value figure estimated at 10% of the original purchase price. An apparent irreconcilable ambiguity existed since neither instrument, nor any other evidence, indicated which instrument defined the rights and obligations of the parties.

When a case is court tried on stipulated facts, our review is limited to a determination of whether the judgment properly or erroneously declared or applied the law based on those facts. *Gassner v. Cromer*, 704 S.W.2d 695, 697 (Mo.App.1986). Based on the evidence and stipulated facts, the trial court determined that the lease's fair market value standard should prevail. There is no factual support for a finding the trial court ignored the existence or validity of the option contract before entering judgment. Nor did the stipulated facts favor either party. Additionally, there was no extrinsic evidence to support a finding that the terms of the agreements included a reason to permit lessees to purchase the equipment at the discounted sum of $1,777.10, when the agreed true value was $6,593.04. For example, there was no evidence to support a finding the monthly rental was calculated to include consideration for granting lessees the benefit of a purchase price equal to a fixed, but less than true market value, price at the end of the lease.

The language in the lease regarding the fair market value and the stipulated facts are sufficient to support the judgment. We find no error of fact or law.

We affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.